AMSDILL *v.* DETROIT MOTORBUS CO.

1. CARRIERS—PERSONAL INJURIES—EVIDENCE—DIRECTED VERDICT.
   In an action for personal injuries caused to plaintiff, a passenger on the upper deck of defendant's motorbus, by the sudden jerk forward of the bus after plaintiff had signaled it to stop, and as she was preparing to descend the ladder to alight, where plaintiff's testimony in relation to the accident was undisputed, the trial court might properly have directed a verdict in favor of plaintiff, leaving to the jury simply the question of damages, under proper instructions.[1]

2. DAMAGES—EXCESSIVE VERDICT—LESSENED EARNING CAPACITY—CONDITIONAL JUDGMENT.
   A verdict for $25,000 for personal injuries to a married

---

[1] Carriers, 10 C. J. § 1454.
On excessiveness of verdict in actions for personal injuries other than death, see note in L. R. A. 1915F, 30.

woman, who was not entitled to recover for lessened earning capacity, if any, because no claim therefor was made and no proof offered, is excessive, and, on review, is affirmed conditional on $10,000 being remitted therefrom.[2]

Error to Wayne; Miller (Guy A.), J.   Submitted October 20, 1925.   (Docket No. 102.)   Decided December 22, 1925.

Case by Mabel Amsdill against the Detroit Motorbus Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Affirmed, conditionally.

*Clark, Emmons, Bryant & Klein,* for appellant.

*Moore & Smith,* for appellee.

MOORE, J.   It is the claim of the plaintiff that the Detroit Motorbus Company, the defendant in this action, is a Michigan corporation located in the city of Detroit; that on April 4, 1924, and for some time previous thereto, one of the defendant company's lines of buses was operated in the city of Detroit.   The upper deck of these vehicles is about 8 feet from the pavement and is reached by means of a narrow winding stairway leading from the lower deck at the rear. The plaintiff lived with her husband and family on Dexter boulevard.   It is her claim that on April 4, 1924, at about 1:30 o'clock in the afternoon, she with her baby, 2 years old, and Mrs. Elizabeth Bristow, boarded one of these buses, and as the bus was approaching the point where Woodward avenue intersects with Michigan avenue she signaled from her seat her intention to get off.   At that time one other lady was on the upper deck of the bus besides Mrs. Amsdill and Mrs. Bristow; the other lady also gave a signal to stop the bus.   It is claimed that when

---

[2]Damages, 17 C. J. § 408.

plaintiff had reached the rear of the bus at the head of the stairway, Mrs. Bristow had preceded her about four or five steps down the stairway, and the other lady passenger was near the foot of the stairway. Just as she was about to descend the stairway plaintiff testified she heard a bell ring, whereupon the bus suddenly started forward with a sudden jerk, throwing her and the baby partially over the rear railing and down four or five steps of the stairway. It is her claim that both plaintiff and Mrs. Bristow called out to the conductor to stop the bus but no heed was paid to their calls, and the bus proceeded down Woodward avenue, not stopping again until it had reached the next stopping place in front of the G. & R. McMillan building. It is the claim of plaintiff that severe injuries resulted to her from the fall. Mrs. Amsdill, Mrs. Bristow and others gave testimony tending to support her claim.

The defendant offered no testimony in relation to the claimed accident. The only witnesses offered on its behalf were doctors, and their testimony related to the extent of the injury. Defendant asked for a directed verdict, which was refused. No request to charge was preferred by either party. The case was submitted to the jury in a lengthy charge. The jury returned a verdict in favor of the plaintiff in the sum of $25,000. A motion for a new trial was made, counsel assigning upwards of 50 reasons therefor. The motion was overruled in a written opinion of great length. The case is brought into this court by writ of error.

It will be unnecessary to discuss many of the assignments of error because no witness disputed the testimony offered on the part of the plaintiff as to the operation of the bus, or the accident, or the manner of it. The trial judge might very properly have directed a verdict in favor of the plaintiff, leaving to

the jury simply the question, under proper instructions, as to the amount of the verdict.     *Fraze* v. *McClelland Co.* (Iowa), 205 N. W. 737.

The question of excessive verdicts has been before this court in a number of cases.     Some of them are *Retan* v. *Railway Co.*, 94 Mich. 146; *Fike* v. *Railroad Co.*, 174 Mich. 167; *Guy* v. *Railroad Co.*, 198 Mich. 140; *Rathbone* v. *Railway*, 203 Mich. 695; *Fishleigh* v. *Railway*, 205 Mich. 145; *Grubaugh* v. *Simon J. Murphy Co.*, 209 Mich. 551.

There is no hard and fast rule applicable to these cases.     In the instant case the plaintiff is a married woman.     The question of lessened capacity to earn money in the future is not involved, as no claim is made therefor in the declaration and no proof was offered relative thereto.

Under all the testimony contained in the record we are persuaded the verdict is too large.     If the plaintiff within 20 days remits from the judgment $10,000, it will be affirmed in the sum of $15,000.     Otherwise it will be reversed and a new trial ordered.     Neither party will recover costs as against the other.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.