JOHN McCARTHY'S CASE.

Suffolk.   March 21, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Whether injury arose out of employment.

In a claim under the workmen's compensation act by an employee of a town, who suffered a sunstroke when he was working for the town in a gravel or sand pit on one of the hottest days in summer and when there either was no breeze or none reached the sand pit, the foreman in charge of the work testified before the Industrial Accident Board that the men were told "if it became too hot there that they could quit," and there was nothing to show that the claimant was required to remain in the pit and could not leave the work if he felt affected by the heat or that he was overcome suddenly and had no opportunity to escape. The board decided that the injury of the employee arose out of, as well as in the course of, his employment and awarded compensation, and the decision was affirmed by a decree of the Superior Court. *Held,* that the decree must be reversed and that the case must be recommitted to the Industrial Accident Board to hear the parties on the question whether the employee was at liberty to stop his work in time to protect himself from injury.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to John McCarthy, for an injury received by him on August 2, 1917, when in the employ of the town of Danvers, at the rate of $11.25 a week from August 12, 1917, the eleventh day after his injury, to December 18, 1917, the date of the hearing, amounting to $205.71 and also a weekly compensation of $11.25 until the award should be revised after due hearing as provided by Part III, § 12 of the act, the claim being made under St. 1913, c. 807, accepted by the town of Danvers.

The case was heard by *Chase,* J. The evidence reported is described in the opinion. The judge made a decree in accordance

with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*G. Gleason*, for the insurer.

*M. J. McSweeney, W. H. McSweeney & F. H. Caskin, Jr.*, for the employee.

CARROLL, J.   John McCarthy, an employee of the town of Danvers, sustained a personal injury from sunstroke while working for the town in its gravel or sand pit.   One witness testified that the pit was low, shielded from the north and west, and, while he thought no breeze was blowing on the day of McCarthy's injury, the pit was so situated that a breeze would be shut off, and that the day was one of the hottest of the summer, "sand attracts the sun . . . on a hot day a sandbank is about the hottest place that can be found. . . . The man working in a trench in the street would not feel the heat so much."   "A man would rather work anywhere than in the pit on a hot day."   The board found the employee suffered a personal injury which arose out of and in the course of his employment; that by reason of his work in the sand pit he "was subjected to a materially greater danger of sunstroke than the ordinary person or outdoor worker."

In *McManaman's Case*, 224 Mass. 554, it was held that a longshoreman, whose hands were frozen while working on a pier extending into the harbor, — where the cold is greater than that to which a person working in the open is ordinarily exposed, — could recover under the workmen's compensation act; but it was found as a fact in the case that the employee was not at liberty to stop his work to prevent his hands from freezing, as a person ordinarily would have been at liberty to do.   In the case at bar there is no finding that the employee was required to remain at work if the heat was too severe; and the foreman testified that the men were told "if it became too hot there that they could quit."

The evidence to support the finding that the heat in the gravel pit was any greater than the heat to which an ordinary outdoor worker is exposed, is very slight.   There is, however, some evidence to that effect.   But because there is nothing to show that the claimant was required to remain in the pit and could not leave the work if he felt he was affected by the heat, the case

must be recommitted to the Industrial Accident Board. It may be that because of the excessive heat he was suddenly overcome and had no opportunity to escape, — but there is no finding on this point.

The decree is reversed, and the case is to be recommitted to the Industrial Accident Board to hear the parties on the question whether the employee was at liberty to stop his work in time to protect himself from injury. At this hearing both parties may introduce further evidence.

*So ordered.*