## JOHN E. MCCARTHY'S CASE.

Suffolk. March 11, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

In a claim under the workmen's compensation act by an employee of a town, who suffered a sunstroke when he was working for the town in a gravel or sand pit on one of the hottest days in summer, the evidence warranted findings that the banks of the pit where the employee worked attracted the extreme heat and shut off the air except from the south and that the nature of the employee's work required him to remain at it steadily, that the time which elapsed between his first symptoms of approaching sunstroke and his collapse was inappreciable so that he had no opportunity to escape the effects of the injury caused by his

exposure to the heat, and that on the day of his injury the heat in the gravel pit was greater than that to which an ordinary outdoor worker was exposed. *Held,* that a finding was warranted that the employee's injury arose out of his employment, as it could be found that the risk of injury by sunstroke was naturally connected with and reasonably incidental to his employment as distinguished from the ordinary risk to which the general public was exposed from climatic conditions.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to John E. McCarthy for an injury received by him on August 2, 1917, when in the employ of the town of Danvers, which had accepted St. 1913, c. 807.

The case first was heard by *Chase, J.,* who made a decree in accordance with the decision of the Industrial Accident Board. This decree was reversed by a decision of this court reported in 230 Mass. 429, and the case was recommitted to the Industrial Accident Board to hear the parties on the question whether the employee was at liberty to stop his work in time to protect himself from injury.

Upon the evidence presented at the new hearing the Industrial Accident Board made the findings which are stated in the opinion. From the award of compensation made by the board the insurer again appealed to the Superior Court.

The case was heard by *J. F. Brown, J.,* who made a decree awarding compensation in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*G. Gleason,* for the insurer, submitted a brief.

*W. H. McSweeney,* (*A. Glovsky* with him,) for the employee.

DE COURCY, J. The employee received a sunstroke while working for the town of Danvers in a sand or gravel pit on August 2, 1917. The Industrial Accident Board awarded him compensation, a decree in accordance with their decision was entered in the Superior Court, and the insurer appealed. This court, in May, 1918, reversed the decree, and ordered that the case be recommitted to the board "to hear the parties on the question whether the employee was at liberty to stop his work in time to protect himself from injury." *McCarthy's Case,* 230 Mass, 429.

Thereupon the parties submitted expert and other testimony, and after a hearing the board made the following finding: "that the length of time which elapsed between the time when the

employee began to get the first symptoms and the time that he collapsed from sunstroke was inappreciable and that he had no opportunity to escape the effects of the personal injury occasioned by reason of his exposure to the heat. While the employee had the same right or liberty to leave his employment as any employee has when sickness overtakes him, he had no previous warning of the coming of the attack of sunstroke, was taken unawares, and was overcome thereby, because the heat in the gravel pit was greater than the heat to which an ordinary outdoor worker was exposed on the day of the injury."

This finding was amply warranted by the evidence. It settles in the employee's favor the only question bearing on his right of recovery that was left open on the earlier appeal. On all the evidence the board was warranted in finding that the employee's injury arose out of his employment. The place where he worked was a pit, with banks which attracted the extreme heat and shut off the air, except from the south. The nature of his work required him to remain at it steadily. The board well might find as a fact that the location and nature of the work peculiarly exposed the employee to the danger of sunstroke: in other words, that the risk of injury by sunstroke was naturally connected with and reasonably incident to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions *per se*. *McManaman's Case*, 224 Mass. 554. *Mooradjian's Case*, 229 Mass. 521. *Hallett's Case, ante,* 49. *Morgan* v. *Owners of Steamship Zenaida*, 2 B. W. C. C. 19. *Davies* v. *Gillespie*, 5 B. W. C. C. 64. *Kanscheit* v. *Garrett Laundry Co.* 101 Neb. 702. *State* v. *District Court of Ramsey County*, 138 Minn. 250. *Hernon* v. *Holahan*, 169 N. Y. Supp. 705.

*Decree affirmed.*