FRANCESCO FERRARA'S CASE.

Suffolk.　November 14, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* To whom act applies, Injuries to which act applies. *Agency,* What constitutes.

A driver, who was in the general employ of a teamster who had lent him with carts, horses and other drivers to a corporation for work which was under the control and direction of the corporation, where it appeared that the corporation's servants determined the place where he was to work and the way in which the work was to be done although he had the care and control of the team he was driving, was, within the provisions of the workmen's compensation act, an employee of the corporation.

A driver, while in the employ of a corporation collecting ashes and taking them to a dump, lost fingers due to injuries from frost bites. In proceedings under the workmen's compensation act, it appeared that the day of the injury was one of extreme cold and high wind, that the employee and other workmen complained of the cold to the foreman; that he told them to "hurry up and do something, . . . the weather is all right," prevented them from starting a fire on the dump to warm themselves, and refused to permit them to stop work because of the cold; and that the employee "was especially exposed by reason of the performance of his work as a teamster out in the open without any covering . . . . [He] was not at liberty to stop his work to prevent his hands from being frozen . . . ." *Held,* that the employee was in fact exposed to a greater danger of being frozen than the ordinary outdoor worker, and was entitled to compensation.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation as described in the opinion.

In the Superior Court, by order of *Weed*, J., a decree awarding compensation, to be paid by the insurer of Montrose Construction Company, was entered. That insurer appealed.

*L. H. Peters*, for the insurer, submitted a brief.

No argument nor brief for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation act, Francesco Ferrara, the employee, received injuries from frost bites which resulted in the loss of the index finger of the left hand above the second joint and of the second finger of the right hand above the second joint. He was awarded compensation and the insurer of the Montrose Construction Company appealed.

There was evidence that Ferrara was in the general employment of Ralph Guerro, a teamster who lent to the Montrose Construction Company carts, horses and drivers; that the business of the Montrose Construction Company was the collection of ashes; that on the day of the accident the employee was directed by a foreman of the Montrose Construction Company where to go and to empty the barrels into his cart and to assist in dumping the ashes when he came to the "dump." There was evidence from which it could be found that work of collecting and unloading the ashes was under the direction of the agents of the Montrose Construction Company; "that the Montrose Construction Company was to tell the drivers what to do"; that Angelo Zito who was acting as foreman of that company gave the drivers of the teams their instructions, and that he "told . . . [Ferrara] to go there and what street to go to." There was additional evidence bearing on the question of the supervision of the work in which Ferrara was engaged, indicating that it was under the control and direction of the Montrose Construction Company; that while Ferrara had the care and control of the team, the place where he was to work and the way in which the work was to be done were to be controlled by that company, and the transaction between it and the general employer amounted merely to a loan of the general employer's servant. As the right to control Ferrara was,

at the time, in the Montrose company, it having the right to direct him in all the details of the employment, he was the servant of this company. The case on this point is governed by *Scribner's Case*, 231 Mass. 132, and cases cited. See *Marsh* v. *Beraldi*, 260 Mass. 225, 231; *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236.

It appeared that the day in question was very cold; that "The men told Angelo that it was too cold, and Angelo told them to 'hurry up and do something.' Then they told Angelo that the best thing to do was to stop work, and Angelo said: 'No, the weather is all right.'" A witness testified that Ferrara complained of the cold; that he said he could not move his fingers and "could not dump his load of ashes." The employee testified that "He was loading the cart on the long street . . . The land is low out there; about sea level. It was not very far from the water where they were dumping. It was coldest where the ashes were loaded . . . There was a wind blowing that day." There was further evidence that the day was cold and a high wind was blowing; that the men "started a fire at the dump and the boss came along and told . . . [them] that . . . [they] couldn't do it." A witness stated he had to keep working all the time. It was found that the employee "was especially exposed by reason of the performance of his work as a teamster out in the open without any covering . . . . [He] was not at liberty to stop his work to prevent his hands from being frozen . . . ."

Taking into account the fact that the employee was constantly at work in the open on the day he was injured with no opportunity to protect himself, the condition of the place of his employment, and its nature, the wind and the cold, he was in fact exposed to a greater danger of being frozen than the ordinary outdoor worker. *McManaman's Case*, 224 Mass. 554. See *McCarthy's Case*, 232 Mass. 557.

*Decree affirmed.*