BENJAMIN F. SHUTE'S CASE.

Suffolk.    January 14, 1935. — April 5, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Serious and wilful misconduct of employee.

On evidence, in proceedings under the workmen's compensation act, that on a very cold day in winter the employee worked from morning until the middle of the afternoon delivering circulars; that he did not wear gloves; that he was required to be continually out of doors; that it was necessary for him to carry the circulars in one hand and distribute them with the other and to have his hands constantly exposed to the weather; that he was not entitled to stop work until he had distributed all the circulars given to him by his employer; that after he had finished work for that day it was discovered that his fingers were frozen, whereby he suffered a personal injury; and

that he did not know that his fingers were freezing until it was too late to prevent it, findings were warranted that his work peculiarly exposed him to the danger of freezing and that his injury arose out of his employment.

At the hearing of a claim under the workmen's compensation act by an employee whose fingers were frozen after he had worked outdoors without gloves for several hours on a very cold day in winter, he not knowing that they were freezing until it was too late to prevent it, it could not properly have been ruled that he was guilty of serious and wilful misconduct within the meaning of G. L. (Ter. Ed.) c. 152, § 27, or that he had voluntarily exposed himself to a danger not contemplated by the contract of employment, where it appeared that he was of low mentality, to which his failure to wear gloves and his failure to sense the severity of the weather and to know that he ought to protect himself were to be attributed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated in the opinion. By order of *Brogna*, J., a decree in accordance with the board's decision was entered. The insurer appealed.

The case was argued at the bar in January, 1935, before *Rugg*, C.J.; *Crosby, Field, Lummus,* & *Qua,* JJ., and afterwards was submitted on briefs to all the Justices.

*E. E. Andrews,* for the insurer.

*V. W. Marr,* (*J. Bear* with him,) for the claimant.

CROSBY, J. This is an appeal by the insurer from a decree of the Superior Court awarding compensation to the employee in accordance with a decision of the Industrial Accident Board which affirmed and adopted the decision of the board member.

The board member made the following findings: The employee was on December 29, 1933, in the employ of the Superior Laundry Company. He was required to deliver circulars from house to house, leaving them in letter boxes or halls in the district in which he was to work; and when this was finished he would go home. On the morning of December 29, 1933, he left the laundry of his employer in Cambridge and went to his territory in Arlington. The temperature was seventeen degrees below zero. He did

not wear gloves, and it was necessary for him to carry the circulars in one hand and distribute them with the other. The fact that he did not wear gloves or mittens can properly be attributed to his lack of understanding, he having "a low grade of mentality." The employer knew that it was a very cold morning, and that the employee was going out without proper protection for his hands. The employee did not know that there was anything the matter with his fingers until about twenty minutes of three in the afternoon when a woman noticed them and gave him mittens to put on; he had worked steadily up to that time. He stopped work at four o'clock, and then found out that his fingers were frozen. He went home and was seen by a doctor that night. The hospital record shows that as a result of the injury the employee lost by amputation parts of three fingers. There was a further finding that the conditions under which he was obliged to work rendered him peculiarly liable to the danger of freezing, and that the nature of his employment, that is, carrying circulars in one hand and folding them with the other, especially exposed him to the danger of freezing.

The board member further found that it is a matter of common knowledge that a person does not have any warning that he is freezing; that the employee because of his low mentality did not sense the severity of the weather and know that he should protect himself; and that the injury arose out of and in the course of the employment. The reviewing board upon the evidence and subject to the agreement of the parties relative to the employee's return to work, affirmed and adopted the findings and decision of the board member.

The question before this court is whether the decision of the Industrial Accident Board can be sustained as rationally possible, on the evidence reported, under the law of this Commonwealth. *Chisholm's Case*, 238 Mass. 412, 419. *Beckford's Case*, 268 Mass. 221, 226. *Cameron* v. *State Theatre Co.* 256 Mass. 466.

It is plain that at the time the employee received his injury he was acting in the course of his employment. The

only other question presented is whether the injury could reasonably have been found to have arisen out of the employment. There was testimony from which it could be found that, in distributing the circulars, the employee was required to be continually out of doors, and to have his hands constantly exposed to the weather. Accordingly it could be found that he was exposed to a greater risk of freezing, because more constant, than the ordinary person engaged in outdoor work. See *McManaman's Case*, 224 Mass. 554; *Ferrara's Case*, 269 Mass. 243, 245. He could recover if he was more constantly exposed to the same risks than the ordinary traveller. *Keaney's Case*, 232 Mass. 532. *Moran's Case*, 234 Mass. 566, 568. In the case at bar there was evidence that there was a more direct relation between constancy of exposure and injury than in *Moran's Case* or *Keaney's Case, supra,* because exposure to cold, unlike exposure to street risks, has a cumulative effect in producing the injury. The finding of the board that the performance of the work peculiarly exposed the employee to the danger of freezing is, therefore, justified. It follows that the decree in favor of the employee was correct. There was no evidence that he could terminate his work. See *McCarthy's Case*, 230 Mass. 429. It could be found in the present case that the employee was not entitled to stop his work until he had distributed all the circulars delivered to him by his employer, and therefore his exposure to the severe cold was greater than that of the ordinary person. *McManaman's Case*, 224 Mass. 554, 556. *Ferrara's Case*, 269 Mass. 243, 245. The case is distinguishable from *Dougherty's Case*, 238 Mass. 456, where the board found that the employee was not peculiarly exposed by reason of his employment. Under the terms of his employment the employee was required each day to distribute all the circulars entrusted to him. The board found: "The employee did not feel that his hands were freezing and did not know that they were frozen until it was too late to prevent it." Upon this finding he is entitled to compensation since he had no opportunity to leave his

work, after being affected, in time to prevent injury. *McCarthy's Case*, 230 Mass. 429, 431; *S. C.* 232 Mass. 557.

It could have been found that the injury was sustained at twenty minutes to three, when the employee first noticed something wrong with his fingers. The injury was so apparent that it was noticed by a woman who gave him mittens to put on, at about three o'clock. His hands were then protected by the mittens until four o'clock when he stopped work, but they had been exposed to the cold for about six hours before he noticed the injury. When asked why he did not stop work earlier in the day if he felt his hands were too cold, he replied that he did not "feel bad enough to stop."

It cannot be ruled that because the employee did not wear gloves he was guilty of such wilful misconduct as would bar him from compensation under G. L. (Ter. Ed.) c. 152, § 27. Serious and wilful misconduct is neither negligence nor gross negligence. *Nickerson's Case*, 218 Mass. 158, 160. Negligence is not a bar to recovery. *Gilbert's Case*, 253 Mass. 538. The board member found that the failure of the employee to wear gloves or mittens "can properly be attributed to his lack of understanding." He testified that he had not worn gloves for about thirty years. It cannot successfully be contended that there was such a voluntary exposure to danger not contemplated by the contract of employment that the employee was not acting within the scope of his employment. *DeFilippo's Case*, 284 Mass. 531, 532.

In the opinion of a majority of the court the decision of the Industrial Accident Board that the injury arose out of and in the course of the employment was warranted. The case is governed by *Ferrara's Case*, 269 Mass. 243, and cases there cited. So far as the decision in *Warner* v. *Couchman*, [1912] A. C. 35, cited in *McNicol's Case*, 215 Mass. 497, is at variance with what is here decided we are not disposed to follow it.

*Decree affirmed.*