**EYMAN v INDUSTRIAL COMMISSION**

Ohio Appeals, 2nd Dist, Franklin Co

No 2792. Decided Dec 6, 1937

Ralph J. Bartlett, Prosecuting Attorney, Columbus, David B. Sharp, Columbus, William C. Bryant, Columbus, and Edmond B. Paxton, Columbus, Asst. Prosecuting Attorneys, for defendant-appellant.

David E. Evans, Columbus, and Howard J. Heilman, for plaintiff-appellee.

**OPINION**

By GEIGER, J.

This case is before this court on appeal from the Court of Common Pleas where the plaintiff below recovered a judgment against the Industrial Commission establishing by a verdict of the jury and judgment of the court the fact that she is entitled to participate in the funds of the Workmen's Compensation division of the Industrial Division of Ohio.

The bill of exceptions is short and there is but little controversy as to the facts in the case.

Walter H. Eyman, husband of the plaintiff, had been employed by W. W. Fisher in the capacity of assistant manager of a store at Gahanna, Franklin County, about ten miles north of Columbus. Eyman lived with his wife at 152 Twelfth Avenue, Columbus, Ohio. In going to and from Gahanna he used his own automobile for his passage and at times used it in the delivery of groceries from the Gahanna store and in hauling merchandise from Columbus to Gahanna. There is evidence to the effect that three or four times a week he would haul merchandise from the wholesaler's in Columbus to Gahanna. The evidence is

not clear as to the frequency with which he delivered the groceries sold at the store to the various purchasers. He sometimes hauled customers of the store in his machine to and from the store. On the morning of October 31, 1934, he left his home at an early hour to pick up supplies for the store from Columbus wholesalers. At 10:00 o'clock in the morning he returned to his own home on account of the illness of his son who was residing with the family at the address above given. While he was there his wife gave him an order for milk and eggs to be purchased from the store at Gahanna and paid for by her when they should be delivered by her husband on his return trip from his place of employment.

W. W. Fisher, the keeper of the store, testified in effect that whenever Eyman needed groceries he was permitted to take them, paying for them as he might wish. Mrs. Eyman testified that she paid for the groceries out of the household money, a part of which arose from a lodger and from board paid by her two children.

On the evening of October 31st Eyman remained at the store longer than was usual, leaving at about ten o'clock. When he arrived at the corner of Cleveland Avenue and Essex Street in Columbus his car collided with that of another driver and Eyman was seriously injured and died several weeks after as a result of said injuries. Those who testified in relation to the collision stated that the car gave evidence of having contained eggs which were broken and that there was also an unbroken milk bottle and about a dozen roasting ears. Immediately after the collision Eyman was unconscious, but on regaining consciousness stated to Mrs. Smokey that he was on his way home from work and that he was taking the milk, corn and eggs home for their own use. He said nothing about making any deliveries to customers. The intersection of Cleveland Avenue and Essex Street is somewhat nearer to the center of town than is Twelfth Avenue, his residence, and there is testimony to the effect that he was traveling northward on Cleveland Avenue at the time of the accident. Counsel for plaintiff urge that the fact that he was going northward toward Twelfth Advance, and that his car contained roasting ears would indicate that on coming southward from Gahanna he had passed his own home in order to make deliveries to other customers of the store. We are of the opinion that this assumption would not necessarily follow from the position of the car

at the time of the accident in reference to his home, and it appears that he had stated, upon his moment of consciousness, that he was taking the milk, corn and eggs home for his own use. What took him down town further than his own home is not disclosed. No question is made but that his death resulted from the accident.

It is urged on behalf of the Commission that admitting that his wife had ordered eggs and milk from the grocery store at which he worked, and that the same were to be paid for upon delivery and that he had hauled this material from Gahanna to be delivered to his own home, that he still was not performing service for his employer at the time of the accident, but that the hauling of the provisions for his own use on his own car on his daily trip, returning from his place of employment to his home, was merely incidental and that he was not then in the service of his employer.

Sec 1465-61, GC, provides that the term 'employee' shall be construed to mean (Subdivision 2) every person in the service of any person employing three or more workmen or operatives regularly in the same business, under any contract for hire, * * *.

The case of State ex Bettman v Christian, 128 Oh St 56, holds that workmen are regular employees within the purview of the section so long as they are hired to do the work in the usual course of the trade, business, profession or occupation of the employer, and that in order that a person's employment shall be deemed to be in the usual course of trade of the employer, it must be for employment for work of the kind required in the business of the employer and in conformity to the established scheme of his business.

Counsel for the Commission has criticized the charge of the court as not correctly stating what is a compensable injury in the course of employment. A portion of the court's charge is as follows:

"Now if Mr. Eyman was delivering merchandise to a third party, that is, to an outsider, there would be no question but while engaged in that delivery he would be engaged in his master's business. If he was delivering merchandise home and if he paid for it at the time he got it at the store he was then either agent of himself or the agent of his wife and he would not have been engaged in his master's business. But if he was making the delivery to his wife and not getting paid for it until he

made the delivery he would be engaged in his master's business just the same as if he were delivering it to you or to me."

This interpretation of the law raises a serious question.

An objection lodged against the charge is that it is not correct to say that "if he was making the delivery to his wife and not getting paid for it until he made the delivery he would be engagtd in his master's business just as if he were delivering it to you or to me." There seem to be no Ohio cases directly in point upon this question, and we have doubts as to the statement.

In the case of Barragar v Industrial Commission of Wisconsin, 238 NW (Wis.) 368, it is held that if it is the employer's trip at the outset an employee is within the scope of employment while en route to, and from, terminus, but detours for personal objectives are outside the scope of his employment; if it is the employee's trip at the outset he is without the scope of his employment while en route, but detours on his master's business are within scope; it the employer's work creates necessity for travel, the trip at the outset is his; if the journey would have proceeded though business were dropped, it is the employer's and he is not then acting within the scope of his employment.

In the case of Ridout v Rose, 171 SE (N. Carolina), p. 642, it is held that where death of employees of a store, occurred in an automobile accident when they drove a privately owned car primarily for personal reasons and only incidentally to obtain goods for the store, that such death did not arise out of and in the course of employment.

In the case of Eby v Industrial Accident Commission of California (Cal.) 242 Pac. 901, it is held:

"To prove that service was being rendered in course of employment at time of injury, received while traveling to work, mission for employer must be the major factor in the journey or movement, and not merely incidental."

In the case of Marks v Gray, 167 NE (N. Y.) 181, it was held that death of a plumber's helper in collision while making journey in his own automobile at the end of his day's work to call for his wife was not the result of an accident "arising out of and in the course of employment," notwithstanding he had been requested by his employer to take his tools to perform a small job on arriving at his destination.

The opinion is by Cordozo, C.J., now of the United States Supreme Court. In the opinion the Judge states that unquestionably injury through collision is a risk of travel on a highway. What concerns us here is whether all risks of travel are also the risks of the employment. In that view the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey. Under the circumstances of that case the court states that,

"We think the perils of the highway were unrelated to the service. We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause.

"To establish liability, the inference must be permissible that the trip would have been made though the private errand had been cancelled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * *

"If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand was undone, the travel is then personal and personal the risk."

The case of Standard Oil Company v Clark, 44 Oh Ap 211 (13 Abs 355), cited by counsel for plaintiff-appellee, related to an employment of one at a filling station where he received money in payment for goods sold and where he was instructed to take this money home with him for safekeeping rather than leave it at the station. It was held that such an employee having been killed en route to his home and in charge of the money was entitled to participate in the compensation fund. It was said:

"When killed, he was in the performance of a duty enjoined upon him by his employment. His care for the funds while en route from the filling station to his home was as much a part of his duty as his work at the filling station. The case is directly within the principles decided by the Supreme Court in Inglish v Industrial Commission, 125 Oh St 494."

This latter case holds:

"Where a school teacher, after school hours, while travelling by the usual direct and necessary route from his school to his home, carrying examination papers, which he was expected by his county superintendent to grade at his home, such being the general practice, there being no opportunity nor facilities to perform such work at the schoolhouse, was struck and killed by an automobile, such accident arose out of and in the course of decedent's employment."

It seems to us that these two cases and other supporting authorities do not involve the same situation as presented in the case at bar. In each the parties injured were in the continuous employment of their employer and were performing services upon behalf of and for the benefit of their employer.

Under the facts in this case, where the decedent, being employed at such a distance from his home that it was necessary for him for his own convenience to use an automobile owned by himself in travelling back and forth to his place of employment, we are constrained to the view that the fact that his wife may have given him an order as the agent of his employer for the milk and eggs to be used by her household and paid for when delivered, which milk and eggs were being carried in his automobile upon his return from his place of employment, upon which trip he was injured, does not justify the conclusion that the injury arose out of and in the course of his employment. He was obliged to go to and from his home. Notwithstanding the fact that he sometimes carried goods in his automobile to and from the store and was at the time of his injury engaged in carrying goods to his own home, we are of the opinion that the evidence does not establish the fact that the accident arose out of and occurred while he was in the course of his employment.

The majority of the court is of the opinion that the court below erred in not sustaining the motion of the defendant, interposed after all the evidence was introduced directing the jury to return a verdict for defendant.

The court coming now to render the judgment that should have been rendered by the court below, finds in favor of the defendant.

BARNES, PJ, concurs.

## DISSENTING OPINION

By HORNBECK, J.

If the majority opinion was reversing this cause and remanding for new trial on the error assigned as to the general charge, it would present a serious question. However, this is not the basis for the judgment and the majority decision requires that final judgment be entered for the defendant.

In this situation the one and only controlling question in this case is whether or not plaintiff's decedent, at the time of the injury from which he died, was acting in the course of his employment.

Mr. Eyman had, before the occurrence causing his death, on occasions employed his automobile to take groceries and merchandise from a warehouse in Columbus to the store in which he worked and to deliver groceries from the store to customers in Columbus. This had occurred with such frequency as to permit the inference that such trips were in the regular course of Eyman's employment. On the night under consideration, he had groceries in his automobile ordered by a customer of the store and to be paid for by the customer when they were brought to her home. It appears that the customer was Mr. Eyman's wife and the delivery was to his own home. This circumstance, however, would not change his relation to his employer, if as a matter of fact, the delivery at the time and place was made in his capacity as an employee of Mr. Fisher. That it was so made is, in my judgment, a permissible inference to be drawn from the evidence. True, the jury may well have found that the delivery was made by Eyman solely for his own accommodation or for that of his wife and therefore as her agent. But this conclusion is not required as a matter of law. Nor is it required because at the time of the injury Mr. Eyman was also attending to his own business as well as that of his employer, as the two relationships were not inconsistent. The judgment should be affirmed.

## ON APPLICATION FOR REHEARING

Decided Jan 5, 1938

By THE COURT

This matter is before the court upon an application filed by appellee for rehearing.

The application is supported by a vigorous brief. The court has carefully considered the same and has re-read the pertinent parts of the record.

The majority of the court concurring in the former opinion see no occasion for a rehearing herein.

The judge heretofore dissenting is of the opinion that the application for rehearing should be allowed and the judgment of the trial court affirmed.

BARNES, PJ, and GEIGER, J, concur.
HORNBECK, J, dissents.