## ANDREW ZUCCHI'S CASE.

Hampden.    September 18, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Injuries to which act applies.

Findings by the Industrial Accident Board in a proceeding under the workmen's compensation act that the employee "was caused to be prostrated" "either by reason of the effects of exposure to the direct rays of the sun or from exposure in a confined area for a concentrated

period of time to the excessive atmospheric heat of a day of unseasonal temperature, and to a degree greater than that of other persons in that vicinity," while alternative findings, were not inconsistent, and a conclusion that he had received a personal injury that arose out of and in the course of his employment, being warranted by either of such findings, disclosed no error.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board awarding compensation.

A final decree was entered by order of *Broadhurst, J.*, in accordance with the decision of the board. The insurer appealed.

The record disclosed that the single member of the board, after finding that the employee had suffered a "heat stroke," found that a "sunstroke and a heat stroke are two different conditions, with different and distinguishable symptoms," and ruled that the amendment of § 26 of G. L. (Ter. Ed.) c. 152 by St. 1937, c. 370, § 1, in substance that an injury to an employee for sunstroke should be conclusively presumed to have arisen out of his employment, did not apply; that the employee had not shown that by reason of his employment he was subjected to materially greater danger of heat stroke than were other outdoor workers on the day in question, nor that he was peculiarly exposed to the danger of heat stroke by the nature of his work, nor that the hazard of injury from that cause was different from that to which persons in general in that locality who worked in the open were exposed; and denied compensation. Before the reviewing board, the insurer requested a ruling, among others, that "the employee has failed to show his injury arose from a sunstroke." The board, after stating that the "first question is whether the conclusive presumption established by St. 1937, c. 370, § 1, is available to the employee so as to relieve the requirement of proof of exposure to the elements in a greater degree than that of other outdoor workers in the same vicinity," reviewed the position taken by the single member on that subject, set forth the definitions of "heat stroke" and "sunstroke" in Webster's dictionary, and then, without further direct comment as to the "first question" it had stated, made the alternate findings and stated the

conclusion quoted in the opinion, and denied "each and all of the insurer's requests for rulings," which included that above quoted.

*J. H. Mulcare*, for the insurer.

*S. Martinelli*, for the claimant.

Cox, J. The employee sustained what was diagnosed as a "heat stroke" while digging a pier footing for his employer. The pier footing, about eight by eight feet in area, was being excavated within a larger excavated area of about forty by fifty feet, that was about ten feet below the surface of the surrounding ground. The pier footing was to be dug to a depth of two and one half feet, and the employee had been at work there for about three and one half hours in the afternoon when he was stricken. There was evidence that the day, April 25, 1939, which was clear and sunny from sunrise to sunset, was unseasonally hot, the minimum temperature being forty-four degrees Fahrenheit in the shade, and the maximum eighty-four. It could have been found that there was no overhead structure in the area where the employee was working and that he was about thirty feet from the nearest wall. He was dressed in two suits of medium underwear, trousers, shirt and a sweater. Other employees were digging pier footings in the same area, but it did not appear that any of them was in the same hole that Zucchi was digging. The reviewing board, which awarded compensation, inferred that the employee was exposed to the direct rays of the sun while working. It found that the employee received a personal injury that arose out of and in the course of his employment when, "either by reason of the effects of exposure to the direct rays of the sun or from exposure in a confined area for a concentrated period of time to the excessive atmospheric heat of a day of unseasonal temperature, and to a degree greater than that of other persons in that vicinity, he was caused to be prostrated . . . ."

The insurer contends that the finding of the reviewing board is too indefinite to sustain the decree awarding compensation. It is the duty of the reviewing board to make such specific and definite findings upon the evidence re-

ported as will enable this court to determine with reasonable certainty whether correct rules of law have been applied, G. L. (Ter. Ed.) c. 152, § 10, *Di Clavio's Case*, 293 Mass. 259, 261–262, at least unless the evidence reported is of such a character that no reasonable inference can be drawn therefrom to the contrary. *Rozek's Case*, 294 Mass. 205, 207. *Cahill's Case*, 295 Mass. 538, 539. A recital of alternative findings that are inconsistent would not be a compliance with this duty. See *Percival's Case*, 268 Mass. 50, 54; *Musgrave's Case*, 281 Mass. 416, 420. The court, however, will sustain the general finding if possible. *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 401. *Craddock's Case*, *ante*, 116, 120–121. The general finding here is that the employee received a personal injury that arose out of and in the course of his employment. The board also found that the employee was caused to be "prostrated" either from the "effects of exposure to the direct rays of the sun or from exposure" in the other manner hereinbefore stated. It is to be observed that the board did not find categorically that the employee suffered a "heat stroke" or a "sunstroke." It recites the evidence that his condition was diagnosed as "heat stroke." It discusses "heat stroke" and "sunstroke." Both findings lead to the same result, prostration, due to excessive atmospheric heat, amounting to a compensable injury.

We are of opinion that the evidence warranted both findings as to the cause of the prostration, either one of which will support the ultimate conclusion since it is also found that the employee was exposed to a greater degree than that of others in that vicinity. This is not a case where there are findings, under one of which the employee would not be entitled to compensation. See *Greenberg* v. *Greenberg*, 193 App. Div. (N. Y.) 574; *Gowens* v. *Alamance County*, 214 N. C. 18; *Chief Consolidated Mining Co.* v. *Industrial Commission*, 70 Utah, 333; *Putnam* v. *Industrial Commission*, 80 Utah, 187, 208–214; *Finlayson* v. *Dowd*, 60 S. D. 57; *Bletko* v. *R. Hoe & Co.* 216 App. Div. (N. Y.) 774.

The insurer contends that there is no such thing as a

"concentrated period of time," and that a decree should not be based upon it. It seems that this finding of the board has reference to the evidence that the employee was at work in the pier footing hole from about 12:30 to 3:45 in the afternoon when "he got dizzy" and fell, and that he came out "right away." The insurer does not contend that the case presents the difficulty that the employee encountered in *McCarthy's Case*, 230 Mass. 429; *S. C.* 232 Mass. 557. The evidence as to the clothing worn by the employee did not require a finding that he was not entitled to compensation.

We are of opinion that the case comes within the principle of *McCarthy's Case*, 232 Mass. 557, and cases cited at page 559, *Ferrara's Case*, 269 Mass. 243, *Shute's Case*, 290 Mass. 393, and that it is distinguishable from *Dougherty's Case*, 238 Mass. 456, and *Robinson's Case*, 292 Mass. 543.

*Decree affirmed.*