## DOMENIC LUONGO'S CASE.

Suffolk. March 1, 1943. — March 30, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Proximate Cause.*

A conclusion by the Industrial Accident Board, that an injury to an employee in July, when a piece of steel cut into his leg, was the cause of disability existing in the following April, was warranted by findings that, immediately following the injury, there was an operation removing the steel and the employee returned to work, that pain continued and a protuberance of the leg muscle developed for which, in good faith, an operation, to which he was "entitled" "as a matter of right," was performed in December, and that he was caused to remain hospitalized until April because of an unforeseen gas bacillus infection which developed after the operation.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

The case was heard by *Fosdick,* J., by whose order a decree was entered in accordance with the decision of the board. The insurer appealed.

*E. R. Langenbach,* for the insurer.

*S. B. Horovitz,* (*B. A. Petkun* with him,) for the claimant.

LUMMUS, J. The employee, while working as an automobile mechanic for the Medford Buick Company on July 17, 1941, and while hammering to take a wheel off an automobile, was hit in the leg by a piece of steel, split off from a sort of chisel, which cut the leg and caused bleeding. On the same day a physician operated on the leg in an effort to remove the piece of steel. After a few days the employee went back to work for the same company and worked there until the last part of August, when he began to work for the Dorchester Buick Company. His leg still

hurt, and developed a protuberance or herniation of the muscle of the leg. On December 17, 1941, his leg was operated on, and he remained in the hospital until April 19, 1942. He received no injury except that of July 17, 1941. The reason why he remained in the hospital so long was that after the operation he developed a severe gas bacillus infection.

The single member found that there was a definite causal relation between the injury of July 17, 1941, and the disability, and that the employee was entitled to compensation from the insurer of the Medford Buick Company. The reviewing board affirmed and adopted the findings and decision of the single member. The Superior Court entered a decree in favor of the employee, and the insurer appealed to this court.

It is "the duty of the Industrial Accident Board to make such specific and definite findings upon the evidence reported as would enable this court to determine whether the general finding should stand." *Mathewson's Case*, 227 Mass. 470, 473. *Di Clavio's Case*, 293 Mass. 259, 261, 262. *Rozek's Case*, 294 Mass. 205, 207. *Cahill's Case*, 295 Mass. 538, 539. *Belezarian's Case*, 307 Mass. 557, 560. *Zucchi's Case*, 310 Mass. 130, 132, 133. The insurer contends that the reviewing board failed in its duty in this respect. As the reviewing board merely affirmed and adopted the findings of the single member, we must look at those to determine their sufficiency. We think it sufficiently appears that the herniation of the muscle of the leg, for which an operation was performed on December 17, 1941, was the result of the penetration of a piece of steel on July 17, 1941, without any intervening cause, and that the consequent disability is the result of the same injury. We find no evidence of any injury except that of July 17, 1941.

The insurer points out that the period of disability for which compensation was awarded, with the exception of a few days following the injury of July 17, 1941, was occasioned by the operation of December 17, 1941. The insurer contends that compensation cannot be awarded with-

out an express finding that the operation was necessary. The single member found as follows: "This operation was considered a comparatively simple one with a disability of not more than a week but on account of the unforeseen circumstances which developed the employee has been totally disabled since December 16 when he entered the hospital. I am satisfied and find that this employee . . . entered the hospital in good faith to have the herniation of the muscle in the leg repaired, that as a matter of right he was entitled to have such repair work done if he so desired, and that there was a definite causal relationship between the injury and his disability." In substance the finding was that the operation was proper and deemed necessary. The consequences of the operation may be referred to the injury of July 17, 1941, even though — as does not appear — the operation was negligently performed. *Burns's Case*, 218 Mass. 8, 11. *Atamian's Case*, 265 Mass. 12, 15. *Vatalaro* v. *Thomas*, 262 Mass. 383. *Jordan* v. *Orcutt*, 279 Mass. 413. *Sacchetti* v. *Springer*, 303 Mass. 480.

*Decree affirmed.*