JOSEPH MANDELL'S CASE.

Suffolk.    October 6, 1947. — February 2, 1948.

Present: QUA, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

One, who was the president, treasurer and majority stockholder of a corporation and was employed by it as a buyer, was not entitled to compensation under the workmen's compensation act respecting an injury alleged by him to have been sustained during a trip to Mexico with his wife, where a finding by the Industrial Accident Board that the primary cause for making the trip was not to purchase merchandise for the corporation was supported by subsidiary findings and by the evidence, although it appeared that the expenses of the trip were paid by the corporation and that a small purchase of merchandise was made.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Williams*, J.

*J. H. Morris*, (*L. S. Locke* with him,) for the claimant.

*C. T. Sexton*, (*M. J. Aldrich* with him,) for the insurer.

RONAN, J.  The employee was the president, treasurer and majority stockholder of a corporation bearing his name, which previous to the last war was engaged solely in dealing in floor coverings but, being unable to secure an adequate quantity of rugs and linoleum, began to extend its business to all kinds of house furnishings.  His duty as buyer for the corporation required him nearly every month to make trips of a week's duration to factories located in different

parts of this country. In the middle of July, 1943, accompanied by his wife, he left Boston on a trip or visit to Mexico. The entire expenses of the trip were paid by the corporation. While in Mexico he purchased $50 worth of furniture for the corporation. During his stay there he suffered a gastrointestinal upset and returned to Boston on August 17, 1943. He was then suffering from polyneuritis which prevented him from following his usual occupation. The single member of the Industrial Accident Board found that the primary cause for making the trip to Mexico was not to purchase merchandise for the corporation, although he intended to make such purchases if he discovered the goods he wanted; that, because of something he had eaten or drunk, he suffered a gastrointestinal upset which caused the polyneuritis; that this disease was not a personal injury peculiar to his employment; and that the employee did not sustain any injury causally connected with his employment. Upon review these findings were affirmed and adopted by the board. The employee appealed from a final decree entered in the Superior Court dismissing his claim.

We assume in favor of the employee, but without deciding, that the contracting of polyneuritis because of something he ate or drank constitutes a personal injury within the workmen's compensation act. *DeStefano* v. *Alpha Lunch Co. of Boston,* 308 Mass. 38.

This brings us to the principal contention of the employee that his visit to Mexico was a business trip undertaken at the direction and for the benefit of his employer. The reviewing board affirmed and adopted the findings of the single member. It becomes necessary to ascertain the findings made by him in order to determine the basis for the decision of the board. *Luongo's Case,* 313 Mass. 440. *Demetre's Case, ante,* 95. He found that the employee did the buying for the employer; that the employer paid the entire expenses of the trip to Mexico of the employee and his wife; that the employee while in Mexico visited certain dealers; that it was his intention to purchase merchandise for his employer for resale by the latter in the usual

course of business; and that although he spent several days in Mexico he purchased only $50 worth of furniture. The single member found that the primary purpose of the trip to Mexico was not to purchase merchandise for the employer, but that the employee did intend to buy goods for the employer if he was able to find the goods. We construe this finding to mean that the trip to Mexico was undertaken mainly for pleasure or for some other purpose than in the interest of the employer; that the transaction of any business for the latter was a mere incident of the trip and it would not have been undertaken in the interests of the employer alone; and that the trip would have been cancelled if it were not to serve some purpose unconnected with the employment.

This finding with reference to the purpose of the trip is challenged by a motion to strike out because it is urged that the finding was not supported by the evidence. This motion was denied by the reviewing board. We examine the record to determine whether the evidence, together with all the rational inferences that could be drawn from it, is sufficient to sustain this finding. The finding is not to be reversed if it is not lacking in evidentiary support unless a different finding was required as matter of law. *Griffin's Case*, 315 Mass. 71. *Amello's Case*, 320 Mass. 347. *Bajdek's Case*, 321 Mass. 325. It is the exclusive function of the single member in the first instance, and of the board if a review is had, to settle questions of fact, and the findings of the reviewing board are to be sustained whenever possible. *Zucchi's Case*, 310 Mass. 130, 133. *Sawyer's Case*, 315 Mass. 75, 79. *Chapman's Case*, 321 Mass. 705, 707.

The burden of proof was upon the employee to establish by a fair preponderance of the evidence that his disability was connected with his employment, *Rozek's Case*, 294 Mass. 205, *Amon's Case*, 315 Mass. 210; and in the instant case he was required to prove that his work for the corporation necessitated his journey to Mexico, or at least that it was one of the causes which impelled him to make that trip. If this was one of the purposes which brought about the trip, it would not cease to be connected with the

employment even if the employee and his wife received personal benefit and enjoyment in making the journey. If the trip would not have been made except for the pleasure of the employee and his wife and the employee's work for the corporation had no real part in creating the necessity of the trip and while in Mexico the employee happened to make a purchase in a trifling amount for his employer, a finding would not be required as matter of law that the trip was made in the interest of the corporation. Each case is to be decided upon its own facts. The test or legal standard to be applied is whether the employment or something else sent the employee on the journey. If the former, the risk of the journey is a hazard of the employment; if the latter, it is the personal risk of the employee. *Employers' Liability Assurance Corp. Ltd.* v. *Hoage,* 69 Fed. (2d) 227. *Eby* v. *Industrial Accident Commission,* 75 Cal. App. 280. *Gagnebin* v. *Industrial Accident Commission,* 140 Cal. App. 80. *Children's Bureau of Delaware* v. *Nissen,* 42 Del. 209. *Wineland* v. *Taylor,* 59 Idaho, 401. *Sater* v. *Home Lumber & Coal Co.* 63 Idaho, 776. *Boyer Chemical Laboratory Co.* v. *Industrial Commission,* 366 Ill. 635. *Murphy* v. *Flint Board of Education,* 314 Mich. 226. *Clegg* v. *Interstate Ins. Co.* 130 N. J. L. 307. *Marks* v. *Gray,* 251 N. Y. 90. *Schwimmer* v. *Kammerman & Kaminsky,* 262 N. Y. 104. *Torres* v. *Criterion Concessions, Inc.* 284 N. Y. 615. *Ridout* v. *Rose's Stores, Inc.* 205 N. C. 423. *Eyman* v. *Industrial Commission of Ohio,* 58 Ohio App. 287. *Munson* v. *State Industrial Accident Commission,* 142 Ore. 252. *Bride* v. *Cathedral Art Metal Co. Inc.* 66 R. I. 331. *Vitagraph, Inc.* v. *Industrial Commission of Utah,* 96 Utah, 190. *Barragar* v. *Industrial Commission of Wisconsin,* 205 Wis. 550.

The purpose of the trip and its relation, if any, to the employment were questions of fact. The payment of expenses by the corporation, although important, was not a decisive factor. Such payment to one who held the principal offices and a majority of its capital stock might properly be regarded in a somewhat different light than a similar payment to one who stood in no other relation to the corporation than that of an employee whose only duty

was to purchase merchandise for the corporation. The weight to be given to the payment of expenses might also be affected by the fact that they included those of the wife who was to accompany the employee on his trip and who, according to the employee's testimony, was "just on the board [of directors] and does no work for the corporation." The strings of the corporate purse are not likely to be drawn too tightly against one who holds a controlling interest in the corporation and who proposes to make a journey with his wife from which the corporation might secure some incidental benefit. At least a trier of fact could properly so find. See *Medlinsky* v. *Premium Cut Beef Co.* 317 Mass. 25, 32.

There was evidence that the employee and his wife were in Mexico for more than three weeks and that they had contemplated staying there for two weeks more, but that their stay had been shortened by reason of the illness of the employee. While in that country, he made his headquarters in a hotel in Mexico City where he slept every night and where he had seventy-five per cent of his meals. He visited only two other cities. The small amount of merchandise was obtained from a firm located in Mexico City. That he might have purchased more goods if he had not become ill ten days before he left Mexico is a matter of conjecture, especially in view of his testimony that within a day or two of the onset of his illness "he was able to get out and get going," although he was not entirely free from the effects of the illness. An inference was warranted that the period originally planned to be spent in Mexico or the period actually spent there was not reasonably necessary to canvass the market in search of goods for the corporation and that whatever efforts he exerted in behalf of the corporation constituted only a minor incident of the visit to Mexico. So far as anything appears in the record, the employee made no attempt to buy floor coverings which comprised the old established line of goods of the corporation. The trifling amount of the goods purchased in Mexico and the absolute inactivity of the corporation to put these goods on exhibition or sale after their

receipt could also be considered in determining the nature and object of the visit to Mexico.

We cannot say that the board was unwarranted in concluding that the trip to Mexico was undertaken primarily for a purpose not connected with the corporation, and that the rendition of any service to the corporation was too incidental, subordinate and remote to be properly regarded as the real cause which occasioned the trip.

*Decree affirmed.*