VIRGIL B. FRAZE, Appellee, v. McCLELLAND COMPANY et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Accelera-
1 tion of Pre-existing Disease—Causal Connection. Compensation is payable under the Workmen's Compensation Act where an apparently insignificant injury arising out of and in the course of an employment fans into life and accelerates a pre-existing dormant disease. The issue is simply one of causal connection. (See Book of Anno., Vol. 1, Sec. 1421, Anno: 19 *et seq.*)

MASTER AND SERVANT: Workmen's Compensation Act—Findings of
2 Fact—Conclusiveness. A finding by the industrial commissioner, on competent, supporting, and conflicting testimony, that causal connection has been established between a slight injury and the subsequent condition of an injured workman is conclusive on the court though the preponderance of testimony in favor of the finding is very narrow. (See Book of Anno., Vol. 1, Sec. 1452, Anno. 1 *et seq.*)

Headnote 1: Workmen's Compensation Acts, C. J. pp. 69, 76. Headnote 2: Workmen's Compensation Acts, C. J. pp. 115, 123.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

NOVEMBER 17, 1925.

This is a workmen's compensation case. Compensation was allowed by the arbitrator, by the industrial commissioner on review, and by the district court on appeal. From the order of the district court, the defendants have appealed.—*Affirmed.*

*Lane & Waterman,* for appellants.

*E. F. Richman,* for appellee.

EVANS, J.—The complainant was the employee of the defendant the McClelland Company. The other defendant is the insurer. The plaintiff was a woodworker, and was engaged in that occupation as an employee. On September 28, 1923, he was engaged, with five or six other employees, in moving a heavy oaken door towards the elevator for the purpose of transporting the same to another floor. The door had dimensions of 10 or 11 feet by 9 plus, and was 2½ inches thick. The method of this removal was to set it on edge and to maintain it in that position by the support of men on either side. It was then pushed in the direction of the elevator. In such operation, and while the door was near a wall, and while the plaintiff was between it and the wall, the door tipped in that direction, the plaintiff resisting it, and being finally squeezed by the weight of it against the wall. This was the *accident.* It was momentary. The door was immediately righted, and the operation proceeded. The accident to the plaintiff was not observed as such by his co-employees at the time. He gave no cry, but continued his assistance in the operation. Immediately afterwards, however, he sought a bench and lay down, feeling quite sick and helpless for the time being. It was at this time that his co-employees learned for the first time that he claimed to have been injured. He resumed his work later, and engaged in his usual occupation for the three succeeding days. He claims to have felt the effect of his injury all this time, and that it grew worse, rather than better. On the third day, October 1st, he reported his condition to his foreman, who immediately sent him to the company doctor. This was the witness Dr. Middleton. The doctor found a small red spot upon his chest as the only external evidence of injury. He also found internal conditions

1. MASTER AND SERVANT: Workmen's Compensation Act: acceleration of pre-existing disease: causal connection.

in the chest as unsatisfactory. He ordered the patient to bed, where he soon developed a temperature, and finally a serious abscess in one of his lungs. The final development was pulmonary tuberculosis, from which the plaintiff is now suffering as a permanent invalid.

The contention for the appellants is that no causal connection has been shown between the alleged injury and the tuberculosis. The defendant produced as witnesses two very distinguished medical specialists in tuberculosis. They testified hypothetically only. This testimony was that tuberculosis results from infection, and never from traumatism. They did not deny, but impliedly admitted, that tuberculosis might be accelerated and "lighted up" by traumatic causes; but they also testified that the injury to this patient, as described in the hypothetical question, was not adequate to such acceleration or "lighting up." The decisive turn of the case is at this point.

That the testimony of these eminent specialists is entitled to great weight, goes without saying; and we are disposed, in -the consideration of this case, to assume as a fact that tuberculosis does not originate  from traumatic causes. It is  conceded by Dr. Middleton, who was called as a medical witness by the plaintiff, that the tubercular infection of this patient must have occurred in his childhood. He gave as his opinion also that the injury to the plaintiff might have so devitalized the injured region in the chest as that this would operate to stimulate or to "lighten up" the tubercular condition.

It appears without dispute that, up to the time of his injury, the plaintiff weighed from 165 to 170 pounds, and that, immediately following such injury, he lost weight rapidly, until he was reduced to 135 pounds. It further appears that he had always been an apparently healthy man, and was not aware of any infirmity, and that he had never lost a day's work because of illness, except one week, some years previous, during an epidemic of flu, of which he was also a victim. Taking this fact in connection with the further fact that plaintiff's disability began with the day of his accident, and that its development was rapid, and much more rapid than the normal progress of tuberculosis under ordinary conditions, we think it is highly probative in its character.

In his opinion filed, the industrial commissioner cited decisions from the courts of last resort of three states, wherein it was found that acceleration of pulmonary tuberculosis had resulted from traumatic causes. *Retmier v. Cruse,* 67 Ind. App. 192 (119 N. E. 32); *State ex rel. Jefferson v. District Court,* 138 Minn. 334 (164 N. W. 1012); *Lundy v. Brown & Co.,* 93 N. J. Law 107 (106 Atl. 362).

We are not disposed to establish or to contradict medical facts by judicial precedents. Whatever the medical facts be, as proved in a particular case, they must control, regardless of judicial precedent. But the records in the cited cases indicated that it was far from settled medically that traumatic causes may not greatly stimulate and accelerate the action of a dormant tubercular infection, and such is the disclosure of the record before us.

In the case at bar we regard the evidence as close on the question of causal effect, but we think also that the evidence of the plaintiff was sufficiently preponderant to sustain the 2. MASTER AND SERVANT: Workmen's Compensation Act: findings of fact: conclusiveness. action of the industrial commissioner, and therefore of the district court. In *Guthrie v. Iowa Gas & Elec. Co.,* 200 Iowa 150, we had before us the question of causal connection between a blow upon the knee and a subsequent tubercular infection of the same knee, and we held adversely to the alleged causal connection. In that case, no alleged disability resulted for more than two years after the blow. No claim of disability therefrom was asserted until six years thereafter. The question was whether the tubercular infection of August, 1919, was attributable to a comparatively light blow received March 1, 1917. We held that evidence to that effect was wanting. In the case at bar, we deem the evidence materially stronger, and sufficient to sustain the finding below.

There was a cross-appeal by the plaintiff. Its merits are not apparent, and it has not been argued. We shall, therefore, give it no consideration.

The judgment of the district court is affirmed on both appeals.—*Affirmed on both appeals.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.