JAMES OLDHAM, Appellee, v. SCOFIELD & WELCH, Employer; FIDELITY & CASUALTY COMPANY of New York, Insurance Carrier, Appellants.

No. 43342.

APRIL 7, 1936.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING AND
REHEARING DENIED NOVEMBER 27, 1936.

 

Carl F. Jordan, and Charles W. M. Randall, for appellants.

R. W. Zastrow and W. G. Henke, for appellee.

ALBERT, J.—A statement of the general fact situation in this case is necessary to an understanding of the question involved.

The claimant, James Oldham, was in the employ of Scofield & Welch. Scofield & Welch were engaged in the hardware and implement business in 1932. On the 8th of October of that year, Oldham suffered an injury arising out of and in the course of his employment. He was cranking an automobile, slipped, fell, and sprained his back. On the 29th of October following, he was doing some work in connection with an oil stove, and burned the inside of his nose. On November 14, 1932, he was lifting some granite pails, and slipped and fell, but he says this did not affect his back. On the 14th of January, 1933, he was assisting in moving a heating stove, and again sprained his back.

After the accident occurring on the 8th of October, 1932, an agreement was reached between the employer and the employee, which was approved by the industrial commissioner, and the employee was allowed $14.40 per week for 4⅔ weeks, ending December 10, 1932, amounting in all to $67.20. This memorandum of agreement was filed on December 10, 1932, and later approved by the industrial commissioner. This agreement covers only the accident of October 8, 1932. On the 24th of March, 1933, the claimant filed with the industrial commissioner an application for the reopening of the settlement heretofore made,

under the provisions of section 1457 of the Code. He states in his application that he received an injury arising out of and in the course of his employment on October 8, 1932, and on January 7, 1933; that he received compensation amounting to approximately $66, etc. He prays "that the above-named defendant (Scofield & Welch) be required to answer this application for re-opening and that a time and place be fixed," etc. Both parties appeared to this application, and the deputy industrial commissioner decided:

"Upon the record made in this case in re-opening proceeding it is held that the claimant is 25% permanently disabled as a result of injury sustained by him October 8, 1932 * * * he has received from the defendants four and two-thirds weeks compensation at $14.40 a week, such payment being for disability up to December 10, 1932. Wherefore, the defendants are hereby ordered to pay the claimant ninety-five and one-third weeks of compensation, payment starting as of December 10, 1932."

The order also provides for the payment of medical, surgical, and hospital benefit, etc. This was rendered by the deputy industrial commissioner on the 11th of June, 1934. Appeal was taken to the district court where the action of the deputy commissioner was affirmed. Hence this appeal.

It will be noted at this point that the ruling of the deputy commissioner is based wholly upon the accident occurring on October 8, 1932. In other words, the deputy commissioner allowed nothing for the injury which occurred to the claimant after that date. If this ruling of the deputy commissioner is to stand, it must be confirmed on the ground that the claimant did not get full compensation for the injury which occurred on that date. The right to have this matter reinvestigated is by virtue of the aforesaid section 1457 of the Code, which provides for such review, and authorizes the commissioner, on a hearing on said matter, with a proper showing, to end, diminish, or increase the compensation so ordered or agreed upon.

In such a proceeding the burden of proof is on the claimant to show, by a preponderance of the evidence, that the disability resulted from the original injury and not from an intervening cause. As heretofore stated there were three accidents that happened to this claimant after the one that occurred on the 8th of October, 1932. The burden of proof, therefore, is

upon the claimant to show that the grounds on which he bases his application for rehearing or reopening of the case were not caused by one of the three later accidents. In other words, the evidence submitted to the deputy commissioner on this hearing must show that the basis of the claim for re-opening is not attributable to some independent cause aside from the accident of the 8th of October, 1932. We think it may be said generally, under the testimony in this case, that the weight of the testimony shows that the claimant has never fully recovered from that accident, although there is a dispute in the testimony of the physicians on this question. The contention of the employer is that the accident that occurred on the 7th (14th) of January, 1933, was a distinct and independent cause; and around this question centers the contention as to the law governing in cases of this kind. The question of whether the disability sustained by the employee shall be attributed to the first accident or to the later accidents depends on whether or not the disability sustained was caused by a change in the original condition, or by a recurrence of the original injury, or by an independent and subsequent cause. If the employee suffers a compensable injury and thereafter suffers further disability which is the proximate result of the original injury, such further disability is compensable. Where an employee suffers a compensable injury and thereafter returns to work and, as a result thereof, his first injury is aggravated and accelerated so that he is greater disabled than before, the entire disability may be compensated for. 71 Corpus Juris, 614. This phase of the question is fully discussed and reviewed in the following cases: Head Drilling Co. v. Industrial Accident Commission, 177 Cal. 194, 170 P. 157; New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P. (2d) 107; State Industrial Board v. Babcock & Wilcox Co., 256 N. Y. 146, 175 N. E. 654; Associated Industries Ins. Corporation v. Industrial Accident Commission of California, 85 Cal. App. 184, 259 P. 110; Ætna Life Ins. Co. v. Industrial Commission of Utah, 64 Utah 415, 231 P. 442; Builders & Manufacturers Mutual Casualty Co. v. Evans, 88 Ind. App. 170, 163 N. E. 529; United States Fidelity & Guaranty Co. v. Industrial Commission of Colorado, 76 Colo. 241, 230 P. 624; Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319, 153 P. 24. In other words, where an accident occurs, to an employee in the usual course of his employment, the employer is liable for all consequences that naturally and proxi-.

mately flow from the accident. When compensation has been allowed and application has been made for review under the above-quoted section of the statute, the applicant has the burden of showing that the additional consequences on which he bases his application are such that would naturally and proximately follow from said original accident. If he has not presented sufficient competent evidence to warrant the industrial commissioner in finding that he has sustained this burden, then he is not entitled to any relief under this section of the statute.

On this question another section of the Code is to be given consideration. Subdivision 8, of section 1397, reads as follows:

"In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, was disabled and drawing compensation under the provisions of this chapter, the compensation for each subsequent injury shall be apportioned according to the proportion of disability caused by the respective injuries which he shall have suffered."

This section has no bearing on the question under consideration here, because it evidently was intended to apply to a case where one is already drawing compensation and suffers another accident and makes application for compensation for the subsequent injury, which is not the situation that exists in this case.

The deputy industrial commissioner having based his finding wholly upon the accident of October 8, 1932, the question is whether, under the rule aforesaid, there is sufficient competent testimony in the record to support his finding.

It is to be remembered that, while functional disability is to be taken into consideration, the basis for allowance of compensation (except where specifically provided) is the question of industrial disability, or, in other words, the reduction of earning capacity. We have reread this record with the utmost of care, and find that there was sufficient competent testimony in the record to sustain the industrial commissioner on the ruling he made herein, and therefore conclude that the district court was right in confirming his ruling, and the case is affirmed.—Affirmed.

DONEGAN, C. J., and HAMILTON, RICHARDS, STIGER, PARSONS, ANDERSON, and MITCHELL, JJ., concur.

## SUPPLEMENTAL OPINION

PER CURIAM.—In the original opinion filed herein one point was overlooked.

On December 10, 1932, a workmen's compensation memoranda of agreement was signed by the employer and the employee, and approved on January 27, 1933, settling the compensation to that date on the basis of $14.40 per week in the total sum of $67.20, which amount was then paid by the employer to the employee; hence the claim of the employee was settled to that date. Under the reopening proceedings the commissioner determined and held that the claimant is twenty-five per cent permanently disabled as the result of the injury sustained by him October 8, 1932, for the disability up to December 10, 1932. The commissioner then ordered the employer to pay the claimant ninety-five and one-third weeks of compensation at $14.40 per week, starting December 10, 1932.

 The evidence being in dispute, and there being sufficient evidence to warrant the commissioner in making the allowance of additional compensation, we are bound under our previous holdings to accept the findings of the commissioner that the employee was entitled to additional compensation from December 10, 1932. Having found that the employee had suffered twenty-five per cent permanent disability, the question is, Was the commissioner warranted in fixing the compensation at $14.40 per week for ninety-five and one-third weeks?

Under section 1397 of the Code, compensation is to be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings in the employment of the same employer during the year next preceding the injury. The record is a little hazy on this proposition, but we take it that for the previous year the claimant had received $25 a week up to September, and $18 a week after that. This makes an average weekly wage for that year of $22.66. Code section 1390 provides that:

"* * * such compensation shall be upon the basis of sixty per cent per week of the average weekly earnings but not to exceed fifteen dollars * * *."

Under these rules, sixty per cent of the average weekly wage could in no event be more than $13.30, and commencing on De-

cember 10, 1932, as the commissioner only found that there was twenty-five per cent permanent disability, the amount that the commissioner should have allowed as weekly compensation would be $3.33.

The original opinion as filed will be modified in accordance with this supplemental opinion.

With this modification the petition for rehearing is overruled.