WICKO *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—CHANGE OF CONDITION—EARNING CAPACITY—EVIDENCE.

In proceeding to recover further compensation, defendant's contention that there is no proof of change of condition for the worse cannot be sustained where evidence shows that since last preceding hearing at which he was adjudicated partially disabled, he was given lighter work for a period of five weeks, laid off, was thereafter unable to obtain employment and injured right hand bothered plaintiff more than before (2 Comp. Laws 1929, § 8425).

2. SAME—PARTIAL DISABILITY—CHANGE OF CONDITION—TOTAL DISABILITY.

Award of partial disability to plaintiff whose right hand had been injured while in defendant's employ was entered as the result of a mistake of law where at hearing on petition for further compensation it found plaintiff totally disabled, whereas on a previous occasion it had found him partially disabled,

there being evidence to sustain finding of total disability re-
sulting in a change of condition for the worse since the previous
adjudication; hence award made is vacated and case remanded
for entry of award for total disability (2 Comp. Laws 1929,
§§ 8425, 8453).

3. SAME—RES JUDICATA—CHANGE OF CONDITION—CHANGE OF AWARD.
Although an unappealed award to an injured employee by a
deputy commissioner is *res judicata* as to all the essentials
leading up to that award, yet, upon a showing by either party
of a change in the physical condition, the department may
reopen the case and change the award as the facts warrant, not
exceeding the limit fixed by statute (2 Comp. Laws 1929,
§ 8453).

Appeal from Department of Labor and Industry.
Submitted January 2, 1940. (Docket No. 17, Calen-
dar No. 40,880). Decided March 15, 1940. Rehear-
ing denied June 18, 1940. Reconsideration denied
October 10, 1940.

Gabriel Wicko presented his claim for compensa-
tion against Ford Motor Company for injuries sus-
tained while in its employ. On petition for further
compensation. From award to plaintiff in an alleged
insufficient amount, he appeals. Reversed and re-
manded for entry of award for total disability.

*Dann & Atlas,* for plaintiff.

*E. C. Starkey* and *Buell Doelle,* for defendant.

NORTH, J. Plaintiff, while in defendant's employ,
sustained an accidental injury arising out of and in
the course of his employment on November 22, 1935.
Upon hearing before a deputy commissioner on
September 7, 1938, plaintiff had an award of com-
pensation for partial disability at the rate of $7.50
per week from May 17, 1938, until the further order
of the department and also for some fixed periods
prior to May 17, 1938. On October 27, 1938, plain-
tiff returned to defendant's employ at the same pay
as formerly received and his compensation was
stopped by agreement. He was given light work as
a floor sweeper. On December 5, 1938, plaintiff was

laid off. It seems to be conceded in this record that plaintiff because of his injuries was unable to continue in the kind of work at which he had been formerly employed by defendant and that the employment given him from October 27 to December 5, 1938, was an attempt to rehabilitate him. His present petition for further compensation was filed December 8, 1938, and upon hearing before the deputy commissioner he was awarded compensation for total disability from September 7, 1938, to October 26, 1938, and from December 5, 1938, until the further order of the department. Defendant had review before the department and plaintiff's award was reduced to one for partial disability at the rate of $7.50 per week from December 5, 1938, until the further order of the department. From this modified award he has appealed.

On the hearing of plaintiff's last petition for compensation it was shown that he tried light work for rehabilitation, but even light work caused a swelling of his injured right hand and resulted in plaintiff obtaining medical attention at defendant's first aid; and seemingly, though this does not appear definitely from the record, because of his inability to continue the light work, plaintiff was laid off after a trial of five weeks. Plaintiff's present petition alleges that since December 2, 1938, his condition has been growing progressively worse, in that he has been unable to secure or perform employment, thereby greatly impairing his earning capacity. It is defendant's contention that there is no testimony tending to sustain the conclusion of the department that plaintiff on the date of his last hearing (January 18, 1939) was totally disabled; but instead defendant asserts plaintiff's condition is no worse than at the time of his former hearing September 7, 1938, when it was adjudicated he was partially disabled and compensation awarded at $7.50 per week. Appellee's con-

tention is not sustained by the record. We quote first from plaintiff's testimony:

"*Q.* How does your hand feel now?

"*A.* My hand is still worse than before.

"*Q.* You mean it is worse now than the last time you were in court?

"*A.* After five weeks it is still worse than I have before. * * * It still is bothering me at night and is very sore.

"*Q.* * * * Is it worse now than it was the last time you were in court?

"*A.* Still is worse. * * *

"*Q.* Tell us in what way it is worse now? * * *

"*A.* I can't even bring coal to my house. (Cross examination.)

"*Q.* What do you mean when you say your hand is worse?

"*A.* After I work five weeks then I think my hands bother me more."

Further, in so far as this record discloses the result of plaintiff's attempt to do light work, none of the facts so disclosed were or could have been covered by the testimony taken at the former hearing because these were all subsequent occurrences. At the former hearing the fact was adjudicated that plaintiff was then suffering only partial disability, but proof as to plaintiff's subsequent condition quite conclusively discloses that at the time of his last hearing plaintiff was totally disabled and had been totally disabled at least since he was laid off on December 5, 1938. Under such a record appellee's contention that there is no proof of change of condition for the worse cannot be sustained.

On hearing plaintiff's present petition the deputy commissioner found plaintiff was totally disabled. But due to a seeming misconception of the applicable law, notwithstanding it also found plaintiff

was totally disabled, the department modified the deputy's award of compensation for total disability and awarded compensation for only partial disability. The department expressly found: "He (plaintiff) is totally disabled now and was evidently totally disabled then (at plaintiff's last preceding hearing)."

From the department's opinion it appears that the award of the deputy commissioner for total disability was reduced to one for partial disability only because of its recital that there was no "competent evidence to show that his physical condition has changed for the worse since September 7, 1938, in such manner as to lessen his earning capacity." It is not claimed, nor could it be, that the testimony at the last hearing as to plaintiff's condition did not differ from the testimony given at the previous hearing in September, 1938. As above noted, there is much in the present record not contained in the former record to sustain plaintiff's claim that his condition was worse; and surely the testimony quite conclusively established the fact that at the time of the last hearing he was totally disabled, whereas it was adjudicated as a fact on the previous hearing that he was only partially disabled. Since plaintiff's former condition was adjudicated to be partial disability, but on the present hearing the deputy commissioner and on review the department found he was totally disabled, it conclusively appears that his condition had changed for the worse. Such being the case the department on the present hearing, having found plaintiff was totally disabled, made a mistake of law in awarding him compensation for partial disability instead of compensation for total disability from and after December 5, 1938.

In its opinion the department cited and seems to have relied upon *Blust* v. *National Brewing Co.*, 285

Mich. 103. That case is not at all controlling because the record there differed in a material aspect from that in the instant case. In the *Blust Case* the testimony conclusively disclosed that plaintiff's condition had not changed for the worse since his last preceding hearing. But in the instant case, as above noted, there is abundance of testimony that plaintiff's condition has changed for the worse so that he is now totally disabled, and both the deputy and the department so found.

In the briefs filed on this appeal much attention has been given to the opinions filed in this court on the rehearing of *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610, 615. Seemingly the effect of the two opinions filed on rehearing for affirmance and the occasion for two opinions for affirmance was not made plain and has been misunderstood. In Justice Potter's opinion affirming the award it was stated, pp. 618, 619, 626:

"There is and can be no former adjudication by the department of labor and industry under this act. * * * If there can be no adjudication in a judicial sense, there can be no former adjudication. * * * 'It is not at first obvious that the doctrine of *res judicata* can in any way apply to an award which is expressly made liable to review.' "

At least four members of the court were not willing to subscribe to the proposition that the doctrine of *res judicata* in no way applies to proceedings for compensation had before the department of labor and industry. This was the reason for two opinions affirming the award in the *Hayward Case*. As a result there has been no departure from the rule of *res judicata* as applied in compensation proceedings, but instead the law of this State remains as it was plainly enunciated by Justice Steere in *Klum* v. *Lutes-Sinclair Co.*, 236 Mich 100. We quote the pertinent paragraph of the syllabus:

"Although an award to an injured employee by a deputy commissioner of the department of labor and industry under the workmen's compensation act, unappealed from, is *res judicata* as to all the essentials leading up to that award, yet, under 2 Comp. Laws 1915, § 5467 (see 2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]), upon a showing by either party of a change in the physical condition of the employee, the department may reopen the case and increase or decrease the award as it finds the facts to warrant, not exceeding the limit fixed by the statute.''

In the instant case the award for partial disability will be vacated and the case remanded to the department of labor and industry for the entry of an award by the department in accordance with its finding of total disability as provided in the statute. 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159).

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.