FRANCISCO JOSI'S CASE.

Suffolk.    April 6, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Proximate Cause. Workmen's Compensation Act,* Incapacity. *Evidence,* Opinion: expert.

Whether there was a causal connection between a fall in which one's hip was injured and a subsequent arthritic condition of that hip was a proper subject of expert medical testimony.

A finding by the Industrial Accident Board in a proceeding under the workmen's compensation act, that there was a causal connection between a fall in which the claimant's hip was injured and subsequent partial disability from arthritis in that hip was warranted where there was testimony of medical experts that it was "possible" or there was "a possibility" that the arthritis "could be traced back to the accident" or that the accident "could have aggravated the arthritic process in the hip somewhat" and that it was not unusual for arthritis to follow trauma, and evidence that the claimant had done heavy work previous to the accident, and no evidence that he had ever complained of trouble in his hip previous thereto.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a proceeding under the workmen's compensation act.

The case was heard by *Good*, J.

*H. F. Cicchetti*, for the claimant.

*A. L. Emery*, for the insurer.

RONAN, J.    This is a proceeding under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as amended, in which the employee seeks compensation for disability for a

period succeeding the discontinuance of compensation. The reviewing board awarded compensation, but his claim was dismissed in the Superior Court on the ground that the disability was not causally related to the injury which he sustained on May 4, 1945. The employee appealed from the final decree.

The employee, a butcher, while sweeping the slaughtering waste on the floor of a packing plant on May 4, 1945, slipped and fell, landing on both knees and injuring his left hip. He was paid compensation for a week. He returned to work sometime after May 18, 1945, but had to quit in a few months because of increasing pain in his left hip and leg. He worked at various other plants for short periods, and at the time of the hearing was employed two or three days a week in a packing plant doing light work, which was all that he was able to do because of pain in his left leg. He has a marked arthritic condition in his left hip and leg and walks with a pronounced limp.

There is no dispute that the employee is partially disabled and that he is prevented from working full time at his regular occupation as a butcher in a packing plant. Neither is there any dispute that he is suffering from an arthritic condition of the left hip and that this is the cause of his disability. The parties differ as to whether the evidence is sufficient to support a finding that there is a causal connection between the accident and the disability. In deciding that issue, we examine the evidence, having in mind that the question is not what conclusion we would reach if the case had been presented to us in the first instance but whether there is any evidence, including all rational inferences of which the evidence is susceptible, upon which the finding of the board could have been made, and if there is such evidence we do not disturb the finding unless it is vitiated by some error of law. *Chapman's Case*, 321 Mass. 705; 707. *Mandell's Case*, 322 Mass. 328, 330. The findings of the reviewing board are to be sustained whenever possible. *Sawyer's Case*, 315 Mass. 75, 79. *Bajdek's Case*, 321 Mass. 325, 326.

The employee's physician, who treated him soon after the accident, found that he was suffering from a spasm of both right and left sacroiliac muscles with pain that extended down the back of each leg to the knee. In the physician's opinion the employee had sustained an acute traumatic muscular back strain with a sciatic involvement and partial disability was indefinite. The medical expert called by the insurer testified that the employee's left leg was one half inch shorter than the right leg; that there was practically no internal or external rotation of the left hip; that the spine had a small amount of hypertrophic changes; and that the right hip joint showed some atrophic arthritis and the left hip much more. In his opinion the employee's condition has no relation to the accident of May 4, 1945. But he further testified that he had heard of instances where an arthritic condition followed trauma; that it is not unusual for arthritis, or some form of arthritis, to follow a trauma and "certainly there is also a possibility that this arthritic condition could be traced back to the accident"; that the employee could not work full time as a butcher; and that his condition is permanent. The impartial physician testified that the employee's history was consistent with a wrenching of the low back and left hip region; that there was marked deformity of the right shoulder joint and left hip with considerable bony proliferation and marked proliferation of the lumbar spine; and that his condition indicated a very marked degenerative type of arthritis. In his opinion it was inconceivable that the accident of May 4, 1945, could have produced these marked bony changes, but "it is of course possible that such an accident as described could have aggravated the arthritic process in the hip somewhat."

Whether the accident directly caused the disability of the employee or aggravated a preëxisting arthritic condition of his left hip and so was the proximate cause of the ensuing disability was a matter beyond the common knowledge and experience of the ordinary layman, and proof of any causal

relation between the accident and the disability must rest upon expert medical testimony. See *Toy* v. *Mackintosh,* 222 Mass. 430. Compare *D'Entremont* v. *Boston Consolidated Gas Co.* 320 Mass. 582. And the opinion of a medical expert, however phrased, which amounts to no more than an expression indicating the possibility or chance of the existence of a causal connection between the accident and the disability, is not enough to establish the accident as a cause and the disability as the effect. *Falco's Case,* 260 Mass. 74. *Green's Case,* 266 Mass. 355. *Johnson's Case,* 278 Mass. 365. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223.

In the instant case one expert testified not only that there was certainly a possibility that the arthritic condition from which the employee was suffering could be traced back to the accident but also that it was not unusual for arthritis to follow a trauma. The other expert stated that it was possible that the accident could have aggravated the arthritic process in the hip. Both experts agree that the arthritic condition might be traced back to the accident, which one thought might be the cause and the other an aggravation of the arthritis. The reviewing board was not left only with evidence of a possible causal relation between the accident and the disability, for it also had the experts' testimony to the effect that arthritis is not an unusual consequence of trauma. The board could consider this testimony in conjunction with the other evidence, which showed that the employee, who was able to work on the day of the accident at his arduous task of splitting hogs, in falling upon the floor injured his left hip where an arthritic condition was subsequently found to exist, and that this condition resulted in partial disability, and could properly come to the conclusion that there was a causal relation between the accident and the disability. And that conclusion would be strengthened by the further fact that there is nothing in the evidence to indicate that he had ever complained of any trouble in his hip prior to the accident. The board had a right to adopt this view of the evidence, which it impliedly did, and

we cannot say that its general finding awarding compensation was lacking in evidentiary support. We do not agree with the principal contention of the insurer that the medical testimony was too weak to form a link in the chain connecting the accident with the disability. *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, 606. *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512, 515. *Carmossino's Case,* 268 Mass. 35. *Blanchard's Case,* 277 Mass. 413. *DeFilippo's Case,* 284 Mass. 531, 534. *Walker* v. *Nickerson,* 291 Mass. 522, 525–526. *Kramer* v. *New York Life Ins. Co.* 293 Mass. 440. *O'Connor* v. *Griff,* 307 Mass. 120. *Comeau* v. *Beck,* 319 Mass. 17.

The final decree dismissing the claim is reversed, and a decree is to be entered awarding compensation in accordance with the findings of the reviewing board.

*So ordered.*