ALBERT F. ALM, Appellee, v. MORRIS BARICK CATTLE COMPANY, Appellant.

No. 47434.

(Reported in 38 N. W. 2d 161)

JUNE 14, 1949.

REHEARING DENIED SEPTEMBER 23, 1949.

Alan H. Mayer and E. C. Halbach, both of Clinton, for appellant.

Emmett P. Delaney, of Clinton, for appellee.

OLIVER, J.—Claimant, Albert F. Alm, was awarded compensation for injuries received while unloading cattle for appellant, Morris Barick Cattle Company, in the yards at Clinton, September 26, 1946.

█ I. Appellant contends the record does not show claimant was injured in the course of his employment for it. In considering the sufficiency of the proof to support the award the evidence will be viewed in the light most favorable to claimant. Pohler v. Snow Constr. Co., 239 Iowa 1018, 33 N. W. 2d 416. Although the facts may be in dispute, the commissioner's findings are conclusive, if supported by substantial evidence. Reynolds v. George & Hoyt, 230 Iowa 1267, 1271, 300 N. W. 530. The expression "injury arising out of and in the course of the employment" should be given a broad and liberal interpretation. Pohler v. Snow Constr. Co., supra. .

Appellant's local representative and salesman, August Benson, employed claimant for appellant. Benson's authority to employ claimant is not questioned. Nor is it contended Benson did not employ him to work for appellant. Appellant contends merely that claimant was employed to feed the cattle, not to unload them. Claimant testified Benson instructed him to unload the cattle, get hay, feed them and care for them and attempt to get some buyers.

Benson testified for appellant, that he told claimant to "look out for the cattle [and] get hold of some buyers. As a result of that he unloaded the cattle * * *. It was his [claimant's] job to feed and water the cattle for the Barick Cattle Company. If the railroad don't get around to unloading cattle in time I [Benson] have unloaded them myself." Appellant's auditor testified the cattle were not unloaded for the purpose of sale but because they had been in transit thirty-six hours, under which circumstances it was the duty of the railroad company to unload them, and that he paid claimant for his services without knowledge claimant had done this. The record indicates

the auditor was at appellant's offices in Dixon, Illinois, at the time in question and was testifying largely from his recollection of the records in that office.

 We need not discuss the evidence in detail. The testimony of claimant alone was ample to support the finding that his injury arose out of and in the course of his employment. At most, the testimony of appellant's witnesses merely created a conflict in the record.

II. Claimant fell from the ladder and coupling of a cattle car. His body struck the edge of a platform and fell to the ground under it. The doctor who treated claimant testified he suffered a fracture of the distal end of the collar bone where it joins the shoulder blade, together with injuries to the soft tissue of the shoulder and two hernias. At the time of the arbitration (nine months later) claimant had an impairment of about fifty per cent in motion of the shoulder, which resulted in loss of function of the arm as a whole by probably twenty-five or thirty per cent. This condition is probably permanent. The doctor testified concerning a recurred hernia on the left side in the inguinal area which had previously been repaired and a new hernia in the epigastrium, above the navel. "I * * * know that the repair was solid; he feels this jerk, falling between the cars, that brought on this one again on the left side." Claimant testified he was then unable to use the arm or shoulder, to shave, comb his hair or put on a tie and that the hernias still existed.

The commissioner found claimant "injured his right shoulder and sustained internal injuries, among which was the recurring hernia which had formerly been repaired." His decision recites:

"The medical evidence is undisputed that claimant sustained permanent general disability * * * and such disability is found and determined as a finding of fact to be twenty-five per cent (25%) of general permanent disability to the body as a whole, entitling the claimant to one hundred (100) weeks of compensation at $18.00 per week."

 Appellant contends that where the proofs show a specific injury the award, if any, must be fixed under section 85.35,

Code of Iowa 1946, and that the finding of general disability and the fixing of the amount of the award under section 85.34 were erroneous. It is urged the award should have been limited to twenty-five or thirty per cent of the compensation fixed for the loss of an arm under subsection 13 of section 85.35. Appellant's contention does not take into account the hernias. Moreover, it assumes an injury to a shoulder is an injury to an arm. This assumption is unwarranted. Subsection 13 does not apply to a shoulder injury, nor is such an injury scheduled in any other subsection of section 85.35. Dailey v. Pooley Lumber Co., 233 Iowa 758, 763, 765, 10 N. W. 2d 569, 573, states:

"As the injury suffered by appellee extended beyond the scheduled area, the schedule, of course, does not apply. * * * But where there is injury to some scheduled member, and also to parts of the body not included in the schedule, the resultant 'permanent total disability,' if established, is compensable under Code section 1395 [section 85.34, Code of 1946]."

In the case at bar neither injury was scheduled in section 85.35, and the fixing of the amount of the award under section 85.34 was not error.

III. Complaint is made that no notice of the precise nature of claimant's injury was given appellant within ninety days as required by section 85.23, Code of 1946. It is sufficient answer that the statute does not require this. The form of notice suggested by section 85.24 merely recites "personal injury was sustained", giving the date, name and place employed and point where located when injury occurred.

Error is assigned also to the order of the deputy commissioner permitting claimant to amend his petition for arbitration during the hearing, by including the hernias in his claim of injury. The order was not erroneous. The petition for arbitration may state the claims in general terms and technical or formal rules of procedure need not be observed. Code sections 86.14 and 86.18; Cross v. Hermanson Bros., 235 Iowa 739, 16 N. W. 2d 616; Ford v. Goode, 240 Iowa 1219, 38 N. W. 2d 158.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.