FRANCES E. NICKS, claimant-appellee, v. DAVENPORT PRODUCE COMPANY, employer; WOLVERINE INSURANCE COMPANY, insurance carrier, defendants-appellants.

## No. 50571.

(Reported in 115 N.W.2d 812)

June 12, 1962.

Rehearing Denied September 18, 1962.

McDonald, McCracken, McDonald & Carlin, of Davenport, for appellants.

132

Thomas M. Kelly, Jr., of Davenport, for appellee.

SNELL, J.—This is an appeal from the judgment of the district court affirming an award made by the industrial commissioner under the Workmen's Compensation Law as found in chapters 85 and 86 of the Code.

Frances E. Nicks, an employee of Davenport Produce Company, on November 19, 1959, fell while carrying a case of eggs in the course of her employment. Injuries to her hand and leg were apparent, and she said that she also injured her back. She called and was assisted by a fellow employee. According to claimant and her fellow employee, her supervisor, referred to in the record as her boss, was advised of the fall, saw and talked to claimant. After a rest period claimant returned to work for about two hours, until the end of the day. The following day the plant was closed. Thereafter claimant continued to work until January 25, 1960, when she was hospitalized for a respiratory infection.

Claimant had injured her back in 1954 and had been treated for that injury for some time thereafter. After her injury of November 19, 1959, the condition of her back was worse than it had been and she suffered more with pain than she ever had before. While in the hospital in January 1960 for the respiratory infection, her back and leg pain was severe and treatment was given. On February 6, 1960, she was referred to a neurosurgeon who, after examination, operated, performing a laminectomy. According to the doctor's testimony, claimant has residual disability of five to ten per cent. The commissioner found the permanent disability to be seven and one-half per cent of the body as a whole and awarded compensation under the statute, including the doctor and hospital bills.

The two principal disputes before the commissioner were whether the claimant sustained an injury in the course of her employment causing the condition for which she was operated and, if so, whether the employer had knowledge thereof as provided by statute.

The trial court in reviewing the evidence on appeal commented: "The evidence establishing a causal connection between

plaintiff's accident on November 19, 1959, and her herniated disc is certainly minimal." We agree with the trial court that the evidence was minimal and the case as weak as possible for survival, but we also agree that the evidence and inferences therefrom were sufficient to generate a fact question before the commissioner.

Viewing the evidence in the light most favorable to claimant, it appears that she had a previous but apparently not a disabling back injury. She had worked as an egg candler and had carried egg cases weighing 50 to 62 pounds to a stack. While carrying such an egg case she stumbled over a board on the floor and fell and, according to her testimony, injured her hand, leg and back. Supervisory personnel of the employer were advised and knew of her fall and such injuries as were apparent. Claimant did not complain of any injury because of fear of losing her job and continued to work until hospitalized for a respiratory ailment. She did, however, testify positively that after her fall her back trouble increased and she suffered more pain than she ever had before. While in the hospital for an entirely different ailment, she suffered back and leg pain and was referred to a neurological surgeon who diagnosed her trouble as a chronic disc herniation. Conservative treatment being ineffective, laminectomies were performed, followed by gradual recovery but some permanent disability, and with heavy lifting prohibited.

Upon the trial Dr. Byron W. Rovine, a surgeon, was asked the following hypothetical question: "Now, Doctor, if the testimony in this particular case should show that the patient, Frances Nicks, suffered a fall and fell on the 19th of November, 1959, would you—based upon your experience as a neurosurgeon, would you say that a fall could be such an episode as to cause an exacerbation of the patient's possible symptoms in this particular case?" The question was objected to as not containing enough facts for the doctor to give a clear opinion. The objection was overruled and the doctor answered, "Very simply, I would say yes." The question as asked is not to be recommended either as to form or content for a hypothetical question,

and the answer indicates a possibility rather than a definite opinion as to causal connection. Taking the evidence as a whole, however, and it appearing without question that the claimant fell while in the course of her employment and sustained some injury, and the claimant testifying that thereafter her back pain increased and was more severe than it had ever been before, and the doctor's testimony that the increased pain could be the result of the fall, the trier of the facts might find a causal connection between her fall and her subsequent disability.

█ I. On the evidence presented the commissioner found for the claimant. In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive. Section 86.29, Code of Iowa. An order or decision of the commissioner may be modified, reversed or set aside on the grounds specified in section 86.30 and no other.

█ In the case before us it is urged that the facts found by the commissioner do not support the order or decree and that there is not sufficient competent evidence in the record to warrant the making of the order or decision. Strictness in review of the evidence is not in order. " 'It was the purpose of the legislature to create a tribunal to do rough justice— speedy, summary, informal, untechnical.' " Cross v. Hermanson Bros., 235 Iowa 739, 742, 16 N.W.2d 616, 618.

"Nor is the same conformity of proof to allegation necessary as in ordinary actions." Cross v. Hermanson Bros., supra. See also Littell v. Lagomarcino Grupe Co., 235 Iowa 523, 524, 17 N.W.2d 120, 121.

█ The findings of a trial court are to be broadly and liberally construed, rather than narrowly or technically. In case of doubt they will be construed to uphold, rather than to defeat, the judgment. Findings of the commissioner should be construed even more liberally than those of the court. Rose v. John Deere Ottumwa Works, 247 Iowa 900, 907, 76 N.W.2d 756; Barton v. Nevada Poultry Co., 253 Iowa 285, 110 N.W.2d 660; Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 112 N.W.2d 299.

█ It is well settled that medical testimony that a given injury could have caused a subsequent disability is insufficient,

standing alone, to establish causal relation. Rose v. John Deere Ottumwa Works, supra; Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 101 N.W.2d 167.

While the plaintiff would not be entitled to compensation for the results of a pre-existing injury or disease, the mere existence thereof at the time of a subsequent injury is not a defense. If the claimant in the case at bar had a pre-existing condition or disability that was aggravated, accelerated, worsened or "lighted up" by her fall so it resulted in a disability found to exist, she was entitled to recover. Rose v. John Deere Ottumwa Works, supra.

If the employment of claimant resulted in a personal injury aggravating her already impaired physical condition, she is entitled to compensation to the extent of that injury. Ziegler v. United States Gypsum Co., 252 Iowa 613, 106 N.W.2d 591.

While expert testimony, such as we have here, is not sufficient in itself to support a finding as to proximate cause, when coupled with other testimony, nonexpert in nature, that the claimant was not afflicted with the same condition prior to the accident in question, a fact question as to causal connection is presented. Bradshaw v. Iowa Methodist Hospital and Rose v. John Deere Ottumwa Works, both supra.

If the evidence offered is such that reasonable minds may conclude that aggravation of the injury resulted, the commissioner's decision must be upheld. Ziegler v. United States Gypsum Co., supra.

The disability contemplated by the Workmen's Compensation Act is "industrial disability—reduction of earning capacity, and not mere functional disability:" Barton v. Nevada Poultry Co., supra, at page 290 of 253 Iowa, and cases cited.

In the case before us the claimant fell. She testified that her back condition worsened and was more painful thereafter. The expert medical testimony was to the effect that the fall could have caused the aggravation. The commissioner found disability resulting from an injury received in the course of claimant's employment. The evidence is such that a finder of the facts could so find. We may not interfere.

II. Section 85.23 of the Code provides for notice to

136

the employer or his representative of the occurrence of an injury, unless there is actual knowledge of the occurrence. Here the employer had actual notice of claimant's fall. No fraud is claimed because of the failure to give other formal notice within the time required. The notice was sufficient. Alm v. Morris Barick Cattle Co., 240 Iowa 1174, 38 N.W.2d 161.

We find no reversible error.

The case is—Affirmed.

All JUSTICES concur.