# IN THE COURT OF APPEALS OF IOWA

No. 21-0339
Filed May 25, 2022

**CONAGRA FOODS, INC. and OLD REPUBLIC INS. CO.**
  Plaintiffs-Appellants,

**vs.**

**LESLIE MOORE,**
  Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

An employer appeals a judicial review order affirming an award of workers'
compensation. **AFFIRMED.**

Kent M. Smith of Smith Mills Schrock Blades P.C., West Des Moines, for
appellants.

Benjamin R. Roth of Fulton, Martin & Andres, P.C., Waterloo, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

ConAgra Foods, Inc. (ConAgra) appeals two findings by the Iowa Workers' Compensation Commission: (1) that Leslie Moore sustained a permanent impairment to his hip and lower back resulting from an injury on the job and (2) that the work-related injury led to a forty-percent industrial disability. Considering the commissioner's credibility determinations and applying the deferential standards of review, we affirm both findings.

## I. Facts and Prior Proceedings

ConAgra hired Moore in 2001 and continues to employ him as a production technician. In June 2016, while on the job, Moore felt a "pop" while twisting to lift a stack of boxes to place on a machine. He recalled immediate pain to his left hip from the movement. Moore reported the injury to a supervisor and filled out an incident report. After returning from vacation, Moore's hip pain persisted. So he decided to see the company doctor, David Kirkle. Dr. Kirkle examined Moore's hip and detected signs of arthritis. The doctor released Moore for work without restrictions while recommending naproxen, an anti-inflammatory drug, for his pain and stiffness.

Moore returned to his job the next day and was notified by a human resources representative that ConAgra no longer considered his injury to be work related. Two months later, Moore saw his orthopedic doctor, Roswell Johnston, for an evaluation of his left hip. Moore explained the June work incident and the sharp stabbing pain he felt. Dr. Johnston examined Moore's hip, finding that it did *not* show any signs of arthritis. Dr. Johnston diagnosed Moore with a strain to his

sartorius muscle, which is a superficial anterior thigh muscle. The doctor advised Moore to avoid activities that would aggravate his condition.

Moore returned to work, but his hip pain did not go away. On top of that, his back started to cause him problems. Because of this, he saw a provider at his primary care clinic. The provider proscribed naproxen and physical therapy. Compliant, in late 2016 and into early 2017, Moore attended physical therapy, which helped alleviate his pain. But the relief was short lived. Moore returned to the primary care clinic with similar back pain. Moore also missed significant time from work in February and March 2017 because of that pain. Later in 2017, Moore returned to physical therapy, complaining of left hip pain. The pain was severe enough that he missed work in August and early September 2017. Back on the job, Moore's symptoms emerged again. Moore received lumbar facet injections for the pain in late September, early November, and mid-January 2018. The repeated treatments corresponded to increased pain from working. Moore also received radiofrequency ablation in February 2018.

Then in May 2018, Moore petitioned for workers' compensation benefits, alleging he sustained injuries to his hip and back at work. At the arbitration hearing, Moore testified that, up to the hearing date, he was receiving care for his hip and back pain and also undergoing physical therapy. Both Moore and ConAgra solicited expert opinions for the hearing. ConAgra offered an opinion from Dr. Charles Mooney, who found no permanent impairment related to Moore's hip or back. Dr. Mooney also recommended no additional care or work restrictions for Moore. In contrast, Moore provided an independent medical examination from Dr. David Segal, who found that Moore had a nineteen-percent permanent

impairment. Moore also offered the opinion of Dr. Johnston who believed that Moore's work injury was a substantial factor in causing his hip issues and agreed with Dr. Segal's impairment finding.

The deputy commissioner ruled that (1) Moore proved an ongoing impairment to his hip and low back caused by the work injury and (2) his impairment merited an award of forty-percent industrial disability. ConAgra appealed the arbitration decision; the workers' compensation commissioner affirmed. Upon judicial review, the district court decided substantial evidence supported the commissioner's finding of permanent impairment and the industrial disability award was not irrational, illogical, or wholly unjustifiable. ConAgra now challenges the judicial review decision.

## II. Scope and Standards of Review

The Iowa Administrative Procedure Act, chapter 17A of the Iowa Code (2018), governs our review. *See* Iowa Code § 86.26; *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218 (Iowa 2006). "Under the Act, we may only interfere with the commissioner's decision if it is erroneous under one of the grounds enumerated in the statute, and a party's substantial rights have been prejudiced." *Meyer*, 710 N.W.2d at 218 (citing Iowa Code § 17A.19(10)). In workers' compensation cases, the district court serves as an appellate court correcting any legal error by the commissioner. *See Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 748 (Iowa 2002). And in reviewing the district court's ruling, we apply the chapter 17A standard to decide whether we reach the same result as that court. *Clark v. Vicorp Rests. Inc.*, 696 N.W.2d 596, 603 (Iowa 2005).

But the standard of review varies depending on what aspect of the decision is challenged. *See Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255–56 (Iowa 2012). For ConAgra's causation claim, we limit our review to whether the commissioner's finding is supported by substantial evidence when the agency record is viewed as a whole. *See* Iowa Code § 17A.19(10)(f); *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 844–45 (Iowa 2011) ("Medical causation presents a question of fact . . . . We will therefore only disturb the commissioner's finding of medical causation if it is not supported by substantial evidence."). "Evidence is substantial if reasonable minds could accept it as adequate to reach the same findings." *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996). The commissioner is charged with weighing the evidence, and we—as the reviewing court—"liberally and broadly construe the findings" to uphold that decision. *Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 331 (Iowa 2005). When reviewing the commissioner's findings, we examine whether the evidence supports the findings made, not whether the evidence would support a different finding. *Meyer*, 710 N.W.2d at 218.

For the industrial disability claim, we must decide whether the commissioner's finding was "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the agency." *See* Iowa Code § 17A.19(10)(m); *see also Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 856–57 (Iowa 2009). "[W]e recognize that the commissioner is routinely called upon to make such assessments and has a special expertise in the area that is entitled to respect by

a reviewing court." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 527 (Iowa 2012).

### III. Analysis

ConAgra brings two claims: (1) the district court wrongly decided substantial evidence supported the commissioner's causation and permanency findings and (2) the district court should have determined that the commissioner's industrial disability finding was irrational, illogical, or wholly unjustifiable.

### A. Substantial Evidence

ConAgra argues that the record lacks substantial evidence to support the commissioner's decision that Moore's symptoms after August 2016 were causally related to his work injury two months earlier. The employer alleges that Moore's medical records instead document "an ongoing personal condition that was not permanently aggravated or 'lighted up' by the minor work injury." ConAgra points to Moore's previous treatment for his knees, as well as his reports of lower back pain and earlier chiropractic treatment. ConAgra argues that the commissioner did not explain why Moore's "pre-existing back treatment was immaterial."

But ConAgra's argument misses the mark for three reasons. First, Moore injured his hip at work. By contrast, he received treatment earlier for his knees and back. Second, the commissioner identified Moore's pre-existing knee and back problems but noted no record of Moore experiencing hip pain or ongoing back discomfort until the work injury in June 2016. And based on the expert testimony of Dr. Segal and Dr. Johnston, the commissioner found support for the connection between Moore's sensation of a "pop" in his hip and persistent pain in his hip and groin area. Ultimately, the commissioner held that the "evidence supports Moore's

preexisting low back condition was aggravated, accelerated, worsened, or 'lighted up' by the work injury, and that the work injury also caused him to develop a permanent impairment to his hip." *See Nicks v. Davenport Prod. Co.*, 115 N.W.2d 812, 815 (Iowa 1962) (clarifying that worker's pre-existing condition at time of injury is not a defense against a compensation claim).

Third, the employer's characterization of Moore's work injury as "minor" was contradicted in the record. Before June 2016, Moore had received non-invasive treatment for his back. After the work injury, Moore received injections and radiofrequency ablation. Moore also testified that the pain he endured after the work injury was "horrible" and "not even close to the same amount of pain" as he experienced before the injury. The deputy commissioner found Moore to be a credible witness, "considering his eye contact, demeanor, and consistency in his statements and testimony." It is the commission's role "to determine the credibility of the witnesses." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007). And the "reviewing court only determines whether substantial evidence supports a finding according to those witnesses whom the commissioner believed." *Id.* (cleaned up). We accept the commissioner's assessment of Moore as a credible witness; and, in turn, look to his testimony to bolster the bottom line: his work injury aggravated any pre-existing back condition.[1]

---

[1] ConAgra asserts that Moore never missed work following the June 2016 injury. But the commissioner made a different finding, crediting evidence that Moore missed four months because of his work injury. We defer to the commissioner's fact finding and consider Moore's time off work as confirming the severity of his injury.

Finally, ConAgra asks us to weigh the relative credibility of the medical experts. But such weighing is outside our mission. Rather, it is within the "peculiar province" of the commission whether to accept or reject an expert opinion. *Pease*, 807 N.W.2d at 845. "The courts, in their appellate capacity, are not at liberty to accept contradictory opinions of other experts in order to reject the finding of the commissioner." *Id.* at 850 (internal quotation marks and citation omitted). The deputy commissioner was persuaded by the opinions of Dr. Johnston and Dr. Segal. Both doctors believed Moore's hip complaints were causally related to his work injury, and that Moore sustained permanent hip impairment as a result of that injury. The deputy commissioner rejected the contrary view of Dr. Mooney— ConAgra's retained expert, noting that Dr. Johnston and Dr. Segal had "superior training." Because the commission's credibility determinations are well supported in the record, we do not disturb them. *See Forristall*, 551 N.W.2d at 614.

Substantial evidence supports the commissioner's determination that Moore's hip and back pain is causally related to his work injury.

### B. Industrial Disability

ConAgra next claims the industrial-disability award of forty-percent was irrational, illogical, and wholly unjustifiable because Moore worked full time with no change in his employment and with no loss of earnings. But Moore did not need to show an actual reduction in his earnings to prove an injury-caused reduction in *earning capacity*.[2] *See St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 653 (Iowa 2000).

---

[2] For injuries occurring after July 1, 2017, if an employee eligible for compensation

In assessing an industrial-disability award, the commissioner considers "all the factors that bear on the claimant's actual employability." *Larson*, 763 N.W.2d at 857 (cleaned up). These factors include "age, education, qualification, experience, and inability due to injury, to engage in the employment for which the claimant is fitted." *Thilges v. Snap-On Tools Corp.*, 528 N.W.2d 614, 616 (Iowa 1995). At the time of the arbitration hearing, Moore was fifty-nine years old. He had a high school education and had worked for ConAgra for two decades. While he kept his job as a production technician, he reported intermittent pain from performing his duties.[3] He also testified that ConAgra did not allow employees to work with any physical restrictions: "you had to be at a hundred percent to be at your job." The commissioner also considers a claimant's functional impairment in determining the extent of industrial disability. *Westling v. Hormel Foods Corp.*, 810 N.W.2d 247, 253 (Iowa 2012). Here, the commissioner credited Dr. Segal's assignment of a nineteen-percent permanent impairment rating. Considered together, these factors validate the commissioner's determination that Moore's employability suffered because of his hip injury.

Because the commissioner considered the proper factors in assessing Moore's industrial disability and because the reduction in earning capacity

---

returns to work or is offered work for which the employee receives or would receive the same or greater salary, wages, or earnings than the employee received at the time of the injury, the employee shall be compensated based only upon the employee's functional impairment resulting from the injury, and not in relation to the employee's earning capacity.

Iowa Code § 85.34(2)(v). The parties agree that this legislative change does not apply to Moore.

[3] Moore testified that after three days of working twelve-hour shifts at ConAgra, he spends the fourth day recuperating at home because his body is "sore."

assigned by the commissioner is supported by substantial evidence, we decline to reverse the award. *See Keystone Nursing Care Ctr. v. Craddock*, 705 N.W.2d 299, 307 (Iowa 2005). As the district court reasoned, the commissioner's forty-percent industrial disability award is not so "out of plumb" with the facts here as to render it irrational, illogical, or wholly unjustifiable. *See Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 357 (Iowa 1999).

**AFFIRMED.**